12606

STATE v. BROWN ET AL.

(146 S. E., 875)

*Messrs. Ford & Suggs,* for appellants,

*Solicitor L. M. Gasque,* for respondent.

February 27, 1929.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

The defendants, Geo. D. Brown and Joe Brown, were indicted and a true bill found by the grand jury of Horry County at the fall term of Court, 1927, for assault and battery with intent to kill upon one T. R. Holt on the 4th day of June, 1927.

The case was tried on September 28 and 29, 1927, and resulted in a verdict of guilty of assault and battery of a high and aggravated nature. After the verdict was rendered, the defendants moved for a new trial on the grounds stated in record. This motion was refused, and the defendant Geo. D. Brown was sentenced to four months' imprisonment upon the public works of Horry County or a like term in the State penitentiary, and the defendant Joe Brown was sentenced to imprisonment for a period of thirty days upon the public works of Horry County or a like term in the State penitentiary. From this trial and sentence, they, in due time, appealed to the Supreme Court.

There are seventeen exceptions which the appellants argue under five heads:

"1. The Court erred in excluding certain testimony offered by the defendants.

"2. The Court erred in permitting the Solicitor in his cross-examination of the defendants to charge and accuse the defendants of committing other crimes not contained in the indictment.

"3. The Court erred in its charge to the jury:

"(a) In defining the different grades of assault and battery covered by the indictment.

"(b) In defining assault and battery of a high and aggravated nature.

"(c) In defining the amount of force which an officer may lawfully use in making an arrest.

"(d) In defining the rights of a citizen coming to the assistance of an officer making an arrest.

"(e) In failing to charge the law of self-defense.

"(f) In passing upon a question of fact which should have been left to the jury. '

"4. The Court erred in refusing request to charge.

"5. The Court erred in refusing a new trial on the defendants' motion."

The group of exceptions raised in 1 and 2 are overruled as not being prejudicial to the appellants. Those in 3 that allege error in his Honor's charge to the jury are overruled under the case of *State v. Jones*, 133 S. C., 168, 130 S. E., 747, and the authorities therein cited. No request was made to charge the law of self-defense; it is always better to charge it, when there is a conflict of evidence in a trial for assault and battery with intent to kill; still, when the Judge fails to charge it, his attention should be called to it.

We see no error in the case as complained of.

All exceptions are overruled, and judgment affirmed.

MR. JUSTICE CARTER concurs.

MR. JUSTICE BLEASE (concurring in result) :

Perhaps some technical errors occurred in the trial of this case. It is generally better, in cases charging assaults and batteries, for the Judge to charge the jury fully as to the law of self-defense, and as to all of the grades of crime involved in the offenses charged. In this case, however, I am of the opinion that none of the matters complained of, even if they contained error, were prejudicial to the appellant.

MESSRS. JUSTICES COTHRAN and STABLER concur.