12932

STATE v. BUSH

(153 S. E., 409)

*Messrs. Nicholls, Wyche & Byrnes,* for appellants, 

*Mr. I. C. Blackwood, Solicitor,* for the State.

May 31, 1930.

The opinion of the Court was delivered by Mr. JUSTICE BLEASE.

The appellant was tried in the Court of General Sessions for Spartanburg County on an indictment that charged him with assault and battery with intent to kill. The verdict of the jury convicted him of assault and battery of a high and aggravated nature. He was sentenced by the presiding Judge, Hon. T. S. Sease, to be confined upon the public works of the county or in the State penitentiary at hard labor for one year, or to pay a fine of $1,000.00.

In the difficulty out of which grew the charges, the appellant used a shot gun, with the result that the prosecuting witness was shot in the leg. The defense of the appellant was self-defense, based on his claim that the prosecutor, at the time the shot was fired, was advancing upon the appellant with an open knife in a threatening and angry manner.

The trial Judge declined to charge the law of simple assault and battery, and that the jury could convict the appellant of that offense. Because of this, the appellant alleges there was reversible error; and that is the only question involved in the appeal.

In the case of the *State v. Jones,* 133 S. C., 167, 130 S. E., 747, this Court decided: "In prosecution for assault and battery with intent to kill and murder, where accused attacked prosecutor with a knife and later shot him with a shot gun, *held,* that action of Court in withdrawing from

jury's consideration question of simple assault and battery was proper." (Syllabus.)

The appellant's attorneys concede that the law announced in the *Jones case* supports the position of the Circuit Judge and, at their request, we granted leave to review the conclusion there reached.

The appellant contends that the refusal to charge as requested, conflicted with the provision of Section 22 of Article 5 of our Constitution, where it is declared: "All persons charged with offense shall have the right to demand and obtain a trial by jury." The argument is made that a trial Judge cannot in any criminal case direct a verdict of guilty, even where the incriminating evidence is conclusive or uncontradicted; and that the failure to charge that the jury might convict of simple assault and battery took away from the consideration of the jury one of the material elements of the case. We are unable to agree with the position of the appellant. He was not guilty of the crime charged against him, or he was guilty of either assault and battery with intent to kill, or assault and battery of a high and aggravated nature. There was no evidence which called for a verdict of simple assault and battery, and a verdict of guilty of that offense would have been improper. We do not see how the constitutional provision invoked was violated. The appellant had a trial by jury on the offenses charged against him by the indictment, and the evidence which tended to establish and to refute those offenses. While the indictment could include the offense of simple assault and battery, there was no evidence on the part of the State, or the appellant, as to that particular offense. The instruction of the Judge was practically a direction of a verdict of not guilty as to that offense. The other charges were properly left to the jury for consideration.

The *Jones case* has been approved recently in two other cases—*State v. Brown*, 149 S. C., 232, 146 S. E., 875, 876, and *State v. Howard*, 151 S. C., 150, 148 S. E., 701.

In *Brown's case,* we said: "It is generally better in cases charging assaults and batteries, for the Judge to charge the jury fully as to the law of self-defense, and as to all of the grades of crime involved in the offense charged."

That holding, of course, applies to cases where there is the least evidence which might show that the defendant was guilty only of a simple assault, or assault and battery. But where a shot gun, a weapon so extremely dangerous, is used by a defendant, we do not see how it could be possibly urged that the assault was other than one of an aggravated nature or with intent to kill.

We see no reason to change the law of the *Jones case.*

The judgment of this Court is that the judgment below be affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE GRAYDON, concur.