### 13050

### STATE v. HUTTO

(156 S. E., 355)

186

September, 1929.

*Mr. E. L. Asbill,* for appellant,

*Mr. T. C. Callison, Solicitor,* for the State.

January 2, 1931.

The opinion of the Court was delivered by Mr. Justice Blease.

The appellant, charged in the Court of General Sessions for Lexington County with the crimes of assault and battery with intent to kill and carrying a concealed weapon upon his person, was convicted on the concealed weapon charge and of assault and battery of a high and aggravated nature. He has appealed to this Court from the sentence imposed by the presiding Judge, Hon. E. C. Dennis, of confinement for one year at hard labor.

We shall follow the example of appellant's counsel and dispose of the first and second exceptions together. The first pertains to the alleged refusal of the Court to allow the appellant, as a witness, to relate all of a conversation he had had with one Martin Hutto in reply to a certain part of that conversation brought out on direct examination of the appellant by the solicitor, which the exception states was in the nature of a threat. The second complains that the presiding Judge, in ruling as to the relevancy of the conversation mentioned, remarked in the presence of the jury: "He might say that Tom, Dick and Harry told him things, that is not evidence. We have not got Tom, Dick and Harry here."

With reference to the Martin Hutto conversation, the main thing the solicitor, in his examination of the appellant, inquired about was concerning the alleged offer of the appellant to give Martin Hutto $5 to swear that the prosecuting witness, Barney Williams, had threatened the life of the appellant. In reply to several questions about this matter, the appellant repeatedly denied that he had made any offer of money to Martin Hutto, and even claimed that he had not talked about the case with him. On his redirect examination, he stated that he had not had any conversation with Martin Hutto about the case, with the exception that Martin had told him "that Barney Williams was setting out in his front yard." The Court said that coun-

sel could not go into that matter. The Court permitted the appellant to testify again on his redirect examination that he had not offered Martin Hutto any money. Taking the whole examination into consideration, we do not think there was any error in the ruling of the Court, or in the remarks complained of, which was prejudicial to the appellant.

Gabriel Sharpe, a witness in reply for the prosecution, testified to the effect that the appellant had said in his presence that, if Williams (the prosecuting witness) had a pistol, he did not see it, and that Williams fought fair in the difficulty and "had the most grit of any man he ever saw." The appellant's attorney offered the appellant as a witness for the purpose of denying the statement alleged by Sharpe to have been made by the appellant. The third and fourth exceptions complain that the Judge refused to allow the appellant to testify as desired by him, and that there was error in that regard.

The record shows that there was some controversy as to permitting the appellant to take the stand to testify in reply to the testimony of Sharpe, for the reason that the appellant, when he was first on the witness stand, may have denied the alleged statements on his part to Sharpe, As to the matter, the presiding Judge expressly ruled: "I don't want to be in the position of not giving him (the appellant) a chance to deny it, but if he has already denied it that is sufficient." Counsel for the appellant stated that he "did not recall as to this fellow Sharpe." The presiding Judge stated that the solicitor had admitted that the appellant had denied already the statements charged to him by Sharpe, and that the solicitor would not be permitted to argue to the contrary to the jury. And the Judge repeated again that he wished this appellant "to have a fair chance of denying it, but if he has already done so, there is no use of denying it again." Under the circumstances, we cannot possibly find reversible error. If the appellant had already denied the statements of Sharpe, there was no need of taking up the time of the Court to

have him go back on the witness stand and repeat his former denials. Not only the solicitor, but the presiding Judge, plainly accepted the appellant's denial as a fact brought out. The appellant's counsel was not able to gainsay the statements made by the Judge and the solicitor. There is nothing in the record to show that the solicitor at any time took the position before the jury that the appellant had failed to deny the statements charged to him on the part of Sharpe.

The fifth and sixth exceptions complain of error in the failure of the Court to submit to the jury the question of simple assault and battery in instructing as to the verdicts which might be returned.

The evidence on behalf of the State tended to show that the prosecutor and the appellant got into a fight with their fists; that the appellant knocked the prosecutor down, and as he was attempting to rise struck him several times over the head with a pistol, knocking him insensible and leaving him stretched out upon the ground, departing in his car; the examination by a physician showed five lacerations; the blows were sufficient to fracture his skull, and at the time of the trial it appeared that a piece of the skull had been removed, leaving a condition similar to the "mole" in a baby's head, which shows the palpitation of the blood current; the appellant himself testified that after the fight he removed a piece of bone from the barrel of his pistol.

The account given by the appellant was that the prosecutor ran into him and hit him; "and I took my left hand and shoved him back and almost shoved him down and he ran into me again, and I shoved him back again and I think I shoved him down the last time and as I was shoving him back this time he said: '——— if you have got a gun you had better use it' and he threw his hand back towards his bosom and he ran back into me and I snatched at him and got my gun and hit him as fast as I could until I knocked him out."

It thus appears that the appellant relied solely upon his plea of self-defense, which the jury failed to sustain; they manifestly did not believe the appellant's statement, which indicated that the prosecutor was reaching for a pistol; nor did they believe that the prosecutor had a pistol at all. The plea of self-defense being thus eliminated, there was only left a most vicious and murderous attack with a deadly weapon; no possible basis for a verdict of simple assault and battery.

The indictment, alleging an assault and battery with intent to kill, charged that the appellant with a pistol "did strike in the head, beat, bruise, crush and wound" the prosecuting witness. It will be seen that the evidence for the State tended to support the allegations of the indictment. The evidence of the appellant admitted that the wounds received by the prosecutor were inflicted with a pistol. The indictment did not charge any kind of assault or battery with the appellant's hands.

The law on the subject involved was fully discussed in *State v. Jones,* 133 S. C., 167, 130 S. E., 747, and the holdings there announced have been approved in at least three recent cases : *State v. Brown,* 149 S. C., 232, 146 S. E., 875; *State v. Howard,* 151 S. C., 150, 148 S. E., 701; and *State v. Bush,* 156 S. C., 526, 153 S. E., 490. Under the authorities mentioned, we think the Circuit Judge was correct in not submitting to the jury the question of simple assault and battery.

In addition to the reasons we have already given for refusing to sustain the exceptions under consideration, there is another ground upon which the judgment of the lower Court may properly be affirmed. At the close of the general instructions to the jury, the presiding Judge distinctly requested of the solicitor and counsel for the appellant if there was anything further which it was desired he should charge. The solicitor responded that he had nothing further, and the attorney for the appellant made a

similar statement. At that time, the Judge had failed to state that the jury might return a verdict of simple assault and battery. In a case of this kind, under the evidence which had been developed, if counsel for the appellant thought there was anything in the testimony which called for a submission to the jury of the issue of simple assault and battery, he should have called the attention of the Court thereto. *State v. Howard, supra.*

The judgment of this Court is that the judgment of the lower Court be, and same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.