Best v. State.

### BEST v. THE STATE.

[No. 19,114.  Filed June 8, 1900.]

CRIMINAL LAW.—*Larceny.*—*Felonious Intent.*—It is not necessary, to constitute the crime of larceny, that the taker should have intended to appropriate the property taken to his own use.  *p. 46.*

SAME.—*Larceny.*—*Felonious Intent.*—An instruction in a prosecution for larceny that to entitle defendant to an acquittal the jury must be satisfied from the evidence that the felonious intent did not exist is erroneous.  *p. 47.*

From the Marion Criminal Court.  *Reversed.*

*E. C. Ryan* and *Frank P. Hendricks,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

MONKS, J.—There were three counts in the indictment against appellant.  The first for unlawfully entering a dwelling-house in the daytime and attempting to commit larceny; the second for unlawfully breaking into and entering a dwelling-house in the daytime with intent to commit larceny; the third for petit larceny.

The jury returned a verdict finding him guilty of the crime of petit larceny charged in the third count of the indictment.  The assignment of errors calls in question the action of the court in overruling appellant's motion for a new trial.

It is insisted that the court erred in refusing to give instruction six requested by appellant.  Said instruction stated, as one of the essential elements of the crime of larceny, that the taking must be with the felonious intent existing at the time in the mind of the taker to appropriate the property taken to his own use.  It is not necessary, to constitute the crime of larceny, that the taker should have intended to appropriate the property taken to his own use. Gillett's Crim. Law (2nd ed.), §§545, 546; 2 Bishop's Crim. Law, §§842, 843, 846, 847, 848; Desty's Crim. Law,

§145j; Clark's Crim. Law, p. 282; 12 Am. & Eng. Ency. of Law, 778. The court did not err, therefore, in refusing to give said instruction.

It is urged that the court erred in giving instruction twelve. Said instruction proceeded upon the theory that to entitle the appellant to an acquittal the jury must be satisfied from the evidence that the felonious intent, which is an essential element of each crime charged in the indictment, did not exist. This theory is erroneous. The established rule is that if the jury had a reasonable doubt of the existence of the said felonious intent, the appellant was entitled to an acquittal. It is true that appellant was not found guilty of the offenses charged in the first and second counts of the indictment, but as the instruction was not limited to those counts, it can not be said that the same was harmless. Other objections are urged to said instruction, but it is not necessary to consider the same as said questions may not arise upon another trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.