(92 South. 244)

THOMAS v. STATE.    (6 Div. 595.)

(Supreme Court of Alabama.    Feb. 9, 1922.
Rehearing Denied Feb. 25, 1922.)

1. Criminal law ⬅760—Instruction held erroneous, as hypothesizing questions putting defendant at fault, where such matter was for the jury.

An instruction that, if the jury find from the evidence that defendant went armed to deceased's home, invited deceased away, and as a result of their having gone from deceased's home the difficulty arose between them in which deceased was slain, then defendant was not free from fault in bringing on the difficulty, *held* error, since the hypothesized facts would leave jury question as to whether defendant was at fault.

2. Criminal law ⬅782(14)—Instruction that defendant must satisfy jury by preponderance of evidence as to his insanity held error; satisfaction being more than reasonable satisfaction prescribed by statute.

An instruction that "defendant says he is not guilty by reason of insanity, and on that plea the burden of proof rests with defendant to satisfy you by a preponderance of the testimony that at the time of the firing of the fatal shot he was of unsound mind," *held* error, as putting too great a burden of proof on the defendant, in view of Code 1907, § 7175; the "satisfaction" required being more than the "reasonable satisfaction" prescribed by statute.

3. Criminal law ⬅1163(4)—Where appellate court cannot determine how an erroneous instruction affected the jury, it must be held reversible error.

Although an error in court's instruction may have been the result of mere inadvertence, where the Court of Appeals cannot say how the jury were affected, reversible error must be held to have resulted.

Certiorari to Court of Appeals.

Petition of Virgil Thomas for certiorari to Court of Appeals to review and revise the judgment and decision of said court (92 South. 241 [1]), rendered on the appeal in Virgil Thomas v. State of Alabama. Writ granted, and cause reversed and remanded.

The excerpts from the court's oral charge, referred to in the opinion, are as follows:

(6) "Gentlemen, if you find from the evidence in this case—I am speaking now of the plea of not guilty—if you find from the evidence that this defendant went down to the home of the deceased armed, and invited deceased away from his home, and induced him to go away from his home, and as a result of their having gone from the home a difficulty arose between these two parties, in which the deceased was slain by the defendant, then this defendant was not free from fault in bringing on that difficulty."

(7) "Defendant says he is not guilty by rea-

son of insanity, and on that plea the burden of proof rests with the defendant, to satisfy you by a preponderance of the testimony that at the time of the firing of the fatal shot he was of unsound mind."

(8) "Gentlemen, unless you should be satisfied by a preponderance of evidence in the case that the defendant was so affected mentally that he was unable to understand the quality of the act he was about to perform, or the probable consequence of the act he was about to perform, or was unable to reflect upon that act because of an unsound condition of mind—I say, unless you are reasonably satisfied by a preponderance of the evidence that that was the condition, then the plea of insanity was not made out."

Jesse F. Stallings and B. M. Allen, both of Birmingham, for appellant.

The question of insanity was at issue and the Court of Appeals was in error in holding it not at issue. 104 Ala. 198, 15 South. 935. This being true, the court was in error in its oral charge to the jury. Sections 55, 71, Code 1907; 146 La. 1010, 84 South. 350; 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly held that the question of insanity was not at issue, and therefore any error in the oral charge relative thereto was without injury.

SAYRE, J.    Petitioner was convicted of murder in the second degree. He pleaded not guilty, and under that plea introduced evidence tending to show that, in taking the life of deceased, he acted in self-defense. He also pleaded not guilty by reason of insanity. Many exceptions were reserved, three of them to the court's oral charge. The exceptions here referred to were disposed of by the Court of Appeals in the following language:

"We are of the opinion that the oral charge of the court was a full and fair statement of the law of the case and free from error."

[1] This court is of opinion that the trial court was in error in that statement of the law shown by the excerpt from the oral charge numbered 6 in the petition for certiorari. It cannot be said as matter of law, on the facts hypothesized in this part of the charge, that defendant was not free 'from fault in bringing on the difficulty. On the facts hypothesized, the question whether defendant was at fault was one for decision by the jury.

[2] The excerpt from the oral charge numbered in the petition 7 shows error. It puts too great a burden of proof on the defendant in respect of his plea of insanity. Code 1907, § 7175; James v. State, 167 Ala. 14, 52 South. 840; Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28. To require "satis-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 18 Ala. App. 314.

faction," this court has frequently held, is to require something more than "reasonable satisfaction," as the statute prescribes.

[3] The same error was repeated in the forepart of the excerpt marked 8 in the petition. In the latter part of that excerpt, the court correctly stated the burden of proof. No doubt this state of the court's oral instruction was the result of mere inadvertence; but we cannot say how the jury were affected, and reversible error must be held to have resulted.

Writ of certiorari granted.

Reversed and remanded.

All the Justices concur.