In the Matter of the Estate of Anna E. Jacobs, Deceased, J. Walter Schultz, Administrator, Respondent, v. Fred C. Zeitinger, Appellant.—188 S. W. (2d) 956.

Springfield Court of Appeals. June 26, 1945.

*F. D. Chilcott* for appellant.

*Wm. T. Powers* for respondent.

BLAIR, J.—This was a proceeding in the Probate Court of Wayne County, Missouri, by the administrator of the estate of Anna E. Jacobs, deceased (respondent here), against Fred (or Ferd) C. Zeitinger (appellant), to recover assets of the estate of said Anna E. Jacobs, alleged to have been wrongfully withheld by appellant. A trial in the probate court resulted in a verdict, by four jurors out of six, and in a judgment, for appellant, and respondent appealed to the Circuit Court of Wayne County, where a jury rendered a unanimous verdict for respondent, and found that appellant was guilty of wrongfully withholding the sum of $608.97 from the estate of Anna E. Jacobs, deceased. After unsuccessful motion for a new trial, appellant took an appeal to this court, and the case is thus before us.

J. Walter Schultz was the administrator. He was a brother of Anna E. Jacobs, deceased. She died November 20, 1941. Mrs. Jacobs had been in the hospital, possibly several times, and had been

utterly unable to manage her various interests. For at least five years prior to her death, Mrs. Jacobs has thus been physically disabled, and appellant claimed that he had a settlement with Mrs. Jacobs prior to her death, and, at that time, she paid him the sum of $608.97, as a commission or compensation for what he had done for her for many years. There were other sums involved, but the item of $608.97 was the only amount in dispute at the time the case was tried.

On January 8, 1943, Schultz, as administrator, instituted a proceeding in the Probate Court of Wayne County to compel appellant to pay to him, as such administrator, money he claimed belonged to the estate of Anna E. Jacobs, deceased. Though served with a summons by the Sheriff of the City of St. Louis, appellant did not appear in the Probate Court of Wayne County on January 25, 1943, the day he was cited to appear there, and on that date, or soon thereafter, the Probate Court of Wayne County issued its order of attachment to Elmer Chatman, Sheriff of Wayne County, and he seized appellant under said writ in the City of St. Louis on the night of January 28-29, 1943, and later brought him before the Probate Court of Wayne County. As before stated, on the trial in the probate court of such county, appellant obtained a judgment, and on appeal therefrom, respondent had a judgment against appellant.

Appllant makes seven assignments of error in his brief. It may not be necessary to consider all of such assignments. Of these in their order, so far as we deem necessary. Appellant claims here that the Probate Court of Wayne County never acquired jurisdiction of the person of appellant by the issuance and service of its citation of January 8, 1943, and that the Sheriff of Wayne County had no authority to execute the order of the probate court of that county by attaching the body of appellant in the City of St. Louis. It is not necessary to consider whether or not appellant waived the question of jurisdiction, as we will decide the case on other grounds.

It is conceded, or at least not disputed, that Anna E. Jacobs died in and while a resident of Wayne County, Missouri. The probate court of that county clearly had the right, under Section 4, Revised Statutes Missouri 1939, to appoint Schultz as administrator of her estate. There is nothing in Section 5, Revised Statutes Missouri 1939, cited by appellant, which in anywise touches upon the duty of the administrator to collect and preserve the assets of the estate. Sections 63 to 66 cover the proceedings by the administrator to discover assets of the estate. No other county than Wayne County could be a "proper court" for the institution of such proceedings. The letters of administration and all subsequent proceedings were properly in that court.

Cases where a defendant is sued in a circuit court of a county, where he does not reside and is not found, are not in point. Such

suits can only be brought in the county where the defendant resides, or where the plaintiff resides and the defendant may be found, if defendant is a resident of the State (Sec. 871, R. S. Mo. 1939) ; but there is no such limitation on the probate court.

It would seem that Section 282, Revised Statutes Missouri 1939, effectually disposes of all contentions made in paragraphs I and II of defendant's assignments of error, and it is unnecessary to refer to decisions of any court; that section reads as follows:

"The court, for disobedience to any order made in pursuance of the provisions of articles 1 to 13, inclusive, of this chapter, may issue attachments, imprison the body or proceed by sequestration of land and goods, and may issue the process for that purpose, directed to any county, and cause it to be served therein."

The Probate Court of Wayne County had full authority, under that section, to do exactly what it did do, and, as the jurisdiction of the circuit court was purely derivative, the circuit court likewise had jurisdiction on appeal.

Appellant claims error in the giving of plaintiff's instructions 1 and 2. Instruction 1 involved the very right of the probate court to do the things we have just held it could do, and must be overruled.

Instruction 2 puts the burden on defendant to show that Anna E. Jacobs authorized him to keep this $608.97. The plaintiff made a *prima facie* case when he, showed that defendant had not accounted for $608.97 in his hands, belonging at one time to the estate, and it is not contended that the burden was not on defendant to show that he did not owe the estate the money he claimed had been paid in for his services. He must criticise the use of the words "to your satisfaction and by a preponderance of the evidence." The words "preponderance of the evidence" are beyond criticism. Use of the words "to your satisfaction" has been condemned. The case both appellant and respondent cite (Seago v. R. R. Co., 164 S. W. (2d) 336) does not authorize a reversal on that ground alone. Instruction 4 in that case used the words "to your satisfaction by a preponderance or greater weight of the evidence." Judge BRADLEY, Commissioner of the Supreme Court, said:

"The phrase challenged here and similar ones, in burden of proof instructions, frequently have been before the courts of this State, but in no case has such phrase, standing alone, been held to constitute reversible error."

In view of what is said in that case, we do not think we would be justified in reversing a judgment, which otherwise seems to be well supported by the the evidence. From what the Supreme Court has said in Seago v. R. R. Co., *supra,* it would be well for the bar to omit the words "to your satisfaction" in future burden of proof instructions, as a judgment in a close case may hereafter be reversed on that ground alone.

Nor can we say that the verdict is against the law or the evidence or the greater weight of the evidence. There were many things in the case to throw doubt upon defendant's story. There was no question that defendant had received the money, and it may have seemed strange to the jury, that defendant waited until after Anna E. Jacobs was dead to assert a claim that money was due him for services rendered over a period of several years. The jury may not have believed defendant at all, and in such case, with him admittedly having the money, it was justified in finding that he was never given any money by Mrs. Jacobs, and that he had been handling her affairs for several years solely out of friendship for her, and never intended to make any charge to her, or that she may have paid him currently for what he did, and that his claim that she had authorized him to withhold $608.97, was merely an afterthought on defendant's part.

At any rate, neither this court nor the trial court is authorized to interfere with the finding of the jury on the facts, if the case is otherwise well tried.

The judgment of the trial court is affirmed. *Fulbright, P. J.*, and *Vandeventer, J.*, concur.