## 15841

### STATE v. GATLIN
(38 S. E. (2d), 238)

Mr. D. R. Stack, of Charleston, for appellant.

Solicitor Robert McC. Figg, Jr., of Charleston,

416

May 17, 1946.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court.

Appellant was convicted of the statutory (Sec. 1109, Code of 1942) crime of rape in the Court of General Sessions of Charleston County at the June, 1945 term. The crime was committed in the evening of the last day of March p⁻eceding. The victim is a young white married woman whose husband was then a corporal of infantry in military service overseas and she was living with her invalid mother in the suburbs of the city of Charleston, near the United States military reservation known as the Port of Embarkation. In a secluded section of this neighborhood, as the young woman was making her way in the darkness from a public bus stop to her home, after a shopping trip into the city, the attack occurred. The prosecutrix had to be hospitalized for some time afterward. Naturally there was no eyewitness to the attack other than the participants.

The appellant is a young colored man, a native of Mississippi, who was then in the Quartermaster Corps of the army, on duty as an enlisted man in a Service Company at the Port of Embarkation.

Upon his failure to plead when the case was called for trial, the Court entered a plea of not guilty and saw to it that counsel appeared and aided in the defense; but appellant did not testify. In keeping with this course of the trial judge, we have searched the record for error, having in mind our established rule of *in favorem vitae. State v. Grant,* 199

S. C., 412, 19 S. E. (2d), 638, *certiorari* denied, 316 U. S., 662, 62 S. Ct., 942, 86 L. Ed., 1739.

There is no need to repeat from the record further sordid details of the heinous crime. There can be no doubt that it was committed and by appellant; indeed, no contest of those facts was made in the lower court. After mandatory death sentence (Code Sec. 1110) was imposed this appeal followed. It is upon twelve exceptions which do not make so many issues. All have been carefully considered and are disposed of in this opinion.

Appellant's defense was insanity which the state contends was feigned and the jury so found by their verdict of guilt. In view of the record it is manifest that they could not have honestly concluded otherwise. The clear and undisputed testimony was that his conduct in Charleston was normal until his mother visited him in jail two or three weeks after his apprehension and arrest shortly after the crime; then it became erratic. The county officers, anticipating the defense, procured an order of the court for his admission to the State Hospital in Columbia where he remained for over thirty days under observation and subject to the mental tests of psychiatrists, and one of the staffs of experts testified unqualifiedly of their conclusion of sanity and absence of mental disease or abnormality. Sec. 6239, Code of 1942. Only appellant's mother testified to prior mental aberration and she admitted that she made no report of it when he was called and inducted into military service about a year before.

The commanding officer of appellant's company, called by the prosecution, testified that he had before noticed no signs of mental unbalance and the same was true of the chaplain, a colored officer, a witness for appellant. Two army medical officers visited him in jail and did not testify.

The court's instructions to the jury are printed in full in the transcript before us. They were clear and free from error. The jury were told that insanity, which was accurately defined, is an affirmative defense which must be made out by the defendant by the preponderance of the evidence but that it would be a good defense if the jury should have a

reasonable doubt whether it had been made out by the greater weight or preponderance of the testimony. Thus, appellant was given the benefit of every reasonable doubt of his guilt under the law. He was certainly not entitled to a more favorable charge. S. C. cases in 10 S. E. Dig., 87 *et seq.*, Criminal Law. An "irresistible impulse" is not a defense against a charge of crime in this State. *State v. Gilstrap,* 205 S. C., 412, 32 S. E. (2d), 163.

No more details of the nature of the crime were needed to be given by the Court in his instructions to the jury than we find there. The elements of it, comprehending the minutiac, were contained in the uncontradicted testimony of the prosecutrix. And there were numerous, unquestioned corroborating circumstances.

But it is contended that the court erroneously failed to instruct the jury respecting circumstantial evidence and the nature and strength of it required for conviction. The argument overlooks the fact that the crime in this case and the identity of appellant were established by direct evidence and the circumstances introduced were merely corroborative. In such a case it is not requisite that the law of circumstantial evidence be charged. *State v. Bunyon,* 137 S. C., 391, 135 S. E., 361. *State v. Rickenbaker,* 187 S. C., 448, 198 S. E., 43.

Moreover, our statutes do not require, and we know of no decision of this court requiring, corroboration of the testimony of the prosecutrix to establish the guilt of the accused in a rape case. See to the contrary, *State v. Floyd,* 174 S. C., 288, 177 S. E., 375. The law generally is collated in 60 A. L. R., 1124.

There is further complaint of the charge to the jury, that it did not contain instructions relative to the lesser crimes included within the greater, to wit, assault with intent to ravish, and assault and battery of a high and aggravated nature. It is argued that the jury should have been told that they could convict for one or the other of these lesser crimes, in default of which appellant was prejudiced by thus restricting the jury to render a verdict of guilty or not guilty

of the greater offense, or finding him insane. In the first place, the penalty for such an attempt upon conviction without recommendation to mercy by the jury, as here, is the same as for the accomplished crime (Code Sec. 1110), so there was no prejudice even if there had been an erroneous failure to instruct thereabout. But there was no error in such omission. An example of the applicable principle is found in the *State v. Wilson,* 162 S. C., 413, 161 S. E., 104; 81 A. L. R., 580, from which the following is quoted:

"The second count in the indictment charged the appellant with the crime of assault and battery of a high and aggravated nature. He complains that the presiding judge erred in not instructing the jury that a verdict of simple assault and battery could be returned, since that offense is included in the greater one of assault and battery of a high and aggravated nature. While agreeing that a charge of assault and battery of a high and aggravated nature may include a simple assault and battery, we cannot agree with the position of the appellant. Proof in the case, according to the evidence of the state, showed more than a simple assault and battery; it really showed assault with intent to ravish, if any crime at all had been committed by the appellant. If there was error in the respect complained of, it was in the liberality of the court in instructing as to assault and battery of a high and aggravated nature. There was really but one issue in the case, the guilt or innocence of the appellant of the crime of assault with intent to ravish."

Other apt illustrations of the rule are: *State v. Durant,* 87 S. C., 532, 70 S. E., 306; *State v. Jones,* 133 S. C., 167, 130 S. E., 747; *State v. Bush,* 156 S. C., 526, 153 S. E., 490; *State v. Hutto,* 159 S. C., 185, 156 S. E., 355; and *State v. Johnson,* 187 S. C., 439, 198 S. E., 1. A precise precedent is the Georgia decision of *Lewis v. State,* 120 S. E., 124. A very complete discussion of the point and review of the authorities occur in the elaborate opinion in the unusally interesting case of *Sparf and Hansen v. United States,* 156 U. S., 51, 15 S. Ct., 273, 39 L. Ed., 343, in which the trial court expressly refused to instruct upon a lesser

offense because the evidence did not warrant conviction therefor instead of the greater.

We deal finally with what appears to be appellant's major contention, for his first four exceptions relate to it. It is, in short, that appellant was prejudiced by his indictment and trial by grand and petit juries, respectively, on which there were no members of his race, whereby he was deprived of federal constitutional rights. The trial court refused a motion to quash the indictment upon this alleged ground.

This serious question was recently considered at length by this court in *State v. Middleton,* .. S. C., .. ., 36 S. E. (2d), 742. It happens that the colored appellant in the cited case was also convicted in 1945 in the Court of General Sessions of Charleston County and by a petit jury which was drawn from the same jury box as was the jury which tried the present appellant. It was agreed by the Solicitor and counsel for the defense that the testimony of the jury commissioners in the *Middleton case* should be considered by the court in this; and the same question is made here which was made by Middleton. The opinion and judgment in that case are referred to and adopted, concerning this question, as part of this judgment. The full statement of reasons and conclusions there need not be set out again in this decision.

However, this appellant's case is weaker, if anything, on the facts. The grand jury which indicted Middleton was empaneled in 1944, whereas the present appellant was indicted in 1945 by the grand jury which was composed of six "holdovers" from 1944 and twelve new members who were drawn by chance from the box originally containing 3,400 names of qualified, potential jurors. The evidence is undisputed that among them was a fair proportion of electors of the colored race. See again the report of *Middleton's case, supra,* and page 12 of the transcript in this case.

There is no *evidence* in the appeal record now before us relating to the personnel of the grand jury which indicted appellant. True, his counsel said in his unverified motion

to quash the indictment that he was informed and believed that no negroes were on the grand jury, but this was patently not a competent factual showing. And the statement of the Clerk of Court, a jury commissioner, was admitted to the effect that in the petit jury panel drawn for service during the week of appellant's trial there was a colored juror who, however, did not appear for service in response to summons.

Consideration of this record and that of Middleton's appeal, *supra,* is convincing that there has been no exclusion of negroes from the juries of Charleston County in violation of the Fourteenth Amendment of the Federal Constitution. See *Akins v. Texas,* 325 U. S., 398, 65 S. Ct., 1276, 89 L. Ed., 1206, which appears to be the last controlling decision upon the subject.

Consideration of the entire record in the light of the helpful briefs has led very plainly to the conclusion that there was no error in the trial, which was fair and free from prejudice and any sort of discrimination.

Accordingly it is necessary to overrule all of the exceptions.

Judgment Affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.