STATE OF MISSOURI, Respondent, v. VERDIE BARTON, Appellant, No. 41731—236 S. W. (2d) 596.

Court en Banc, February 12, 1951.

*Green & Green* for appellant.

*J. E. Taylor,* Attorney General, and *Robert L. Hyder,* Assistant Attorney General, for respondent.

[596] LOZIER, C.—Appellant, hereinafter called. defendant, was convicted of grand larceny and sentenced to two years imprisonment. He filed here a transcript of the record, including the bill of exceptions containing all the evidence, but no brief, and the appeal was submitted upon the attorney general's brief. In his motion for new trial defendant challenged the propriety of the insanity instruction given by the court on its own motion and complained of the refusal of the insanity instruction requested by him. The main issue is the quantum of proof required of the defendant whose defense was insanity.

Defendant's refused insanity instruction, Instruction A, referred to "a mental disease commonly known as 'blackout' or 'amnesia.'" Defendant claimed the court erred in refusing this instruction because the word " 'blackout', a common phrase used in describing the type of insanity alleged by defendant, was not covered in any other instruction." Except for the use of these two terms, the mental condition involved was defined substantially in Instruction No. 2 as in Instruction A. As the former properly covered this phase [597] of the insanity defense, the refusal of the latter was proper. State v. Biswell, 352 Mo. .698, 179 SW 2d 61; and State v. Harris, (Mo. Sup.), 177 SW 362.

Defendant had the burden of sustaining his insanity defense. State v. Murphy, 338 Mo. 291, 90 SW 2d 103. See also State v. Hardy, 359 Mo. 1169, 225 SW 2d 693. However, defendant claimed that Instruction No. 2, the insanity instruction given by the court, improperly "placed upon him the burden of proving his innocence in spite of the presumption of innocence." There is no merit in this contention. The presumption was properly covered in both Instructions Nos. 2 and 3. Instruction No. 2 and other instructions clearly placed the burden of proof of defendant's *guilt* on the state. As to the extent of the state's burden: Instruction No. 2 required "to a moral certainty and beyond a reasonable doubt," Instruction No. 1, "beyond a reasonable doubt" and Instruction No. 3, "to your satisfaction and beyond a reasonable doubt." See State v. Graves, 352 Mo. 1102, 182 SW 2d 46. The instructions must be read together. State v. Sapp, 356 Mo. 705, 203 SW 2d 425.

Defendant next contended that Instruction No. 2 placed upon him an undue burden by requiring him to show his insanity to the

"satisfaction" or "reasonable satisfaction" of the jury; and that these terms required a degree of proof beyond the preponderance or greater weight of the evidence. This instruction was:

"The court instructs the jury that if you find and believe from the evidence that the defendant at the time of the commission of the act charged in the information, if you should find and believe *beyond a reasonable doubt* from the evidence herein that he did commit such act, was so perverted, deranged, defective, or deficient, in one or more of his mental and moral faculties as to cause him to be incapable at the time of understanding that such act was wrong and in violation of the law of God and of society, you should acquit him upon the ground of insanity, but to hold the defendant criminally responsible it is *only* necessary that you should be *satisfied* from all the evidence that he had sufficient mental capacity to distinguish between right and wrong as to the particular act charged against him, and if you believe that the defendant, at the time of the commission of the act charged against him, if you find and believe he did commit such act, had such a degree of mental capacity as to enable him to distinguish between right and wrong in reference to said act and to know that said act was criminal and wrong and would deserve punishment, then in law he had a criminal intent and was not so insane, mentally defective, or deficient as to be exempt from the responsibilities of such act.

"The law does not excuse unless the mental derangement or impairment is so great that it actually renders the person incapable at the time of its commission of distinguishing between right and wrong as to the particular act proved against such person. To establish the insanity of the defendant, positive and direct proof of it is not required. To entitle him to an acquittal by reason of his insanity, circumstantial evidence which *reasonably satisfies* your mind of its existence is sufficient.

"As the law presumes the defendant innocent, the burden of proving him guilty rests with the state, and before you should convict him, his guilt must be established *to a moral certainty and beyond a reasonable doubt.* On the other hand, to entitle the defendant to a verdict of not guilty, solely by reason of his insanity, the law requires him to prove it, *not, however, beyond a reasonable doubt, but only to your reasonable satisfaction.* * * . *" (Italics ours.)

The instruction thus once required "satisfaction" and twice "reasonable satisfaction," but did not require either such satisfaction to be "by the preponderance, or by the greater weight of the evidence." It was our first impression that defendant's objection was without merit. We have heretofore stated, (or approved instructions stating) defendant's burden as expressed in this instruction. See, for example, the following: State v. Privitt, 175 Mo. 207, 75 SW 457, and State v. Murrell, (Mo. Sup.) 169 SW 2d 409 ("satisfac-

torily shown''); State v. Church, 199 [598] Mo. 605, 98 SW 16 (''reasonable satisfaction''); and State v. Palmer, 161 Mo. 152, 61 SW 651 (''reasonably satisfies your minds''). In State v. Barbata, 336 Mo. 362, 80 SW 2d 865, and State v. Duestrow, 137 Mo. 44, 38 SW 554, we approved insanity instructions in which, as in the instant case, defendant's burden was ''not * * * beyond a reasonable doubt, but only to your reasonable satisfaction.'' So, the trial judge's action in giving Instruction No. 2 was supported by ample authority.

On the other hand, this court has also approved instructions making defendant's measure of proof satisfaction, or reasonable satisfaction, ''by the preponderance or greater weight of the evidence.'' State v. Scott, 359 Mo. 631, 223 SW 2d 453; State v. Sapp, supra; State v. Douglas, 312 Mo. 373, 278 SW 1016; State v. Porter, 213 Mo. 43, 111 SW 529; State v. Barker, 216 Mo. 532, 115 SW 1102; and State v. Murphy, 338 Mo. 291, 90 SW 2d 103, and cases cited·therein. See also State v. Davis, 342 Mo. 594, 116 SW 2d 110. In State v. Coats, 174 Mo. 396, 74 SW 864, though one instruction required the defendant to prove ·his insanity defense to the jury's ''reasonable satisfaction,'' another required proof· of that issue to its ''reasonable satisfaction by the weight or preponderance of the evidence.''

In State v. Murphy, supra, we referred to Sec. 4049, Mo. RS 1939, and Mo. RSA. This is the statute requiring a jury acquitting a defendant solely because of insanity to further find if he is still insane (and if so that he be further dealt with according to law). ''Obviously this statute is incompatible with the theory that the jury may acquit when they entertain only a *reasonable doubt* as to the sanity of the accused. * * * We conclude, therefore, that the burden was on the appellant to prove his insanity by·a preponderance of the evidence as, or at least like, an affirmative defense.''

Determination of the present ''satisfaction'' issue was not·involved in any of these cases. We are now required to determine whether the principles announced in these two series of decisions are substantially the same and, if not, which of the two parallel lines of authority should prevail. Does the omission of ''by the preponderance or greater weight of the evidence'' increase the defendant's burden of proof of his insanity defense? Are these words a qualification, or limitation upon the extent, of the degree of ''satisfaction'' or ''reasonable satisfaction''?

We have concluded that the jury's ''satisfaction'' or ''reasonable satisfaction'' alone is not the proper measure of defendant's burden. The decisions in other jurisdictions as to quantum of proof of insanity in criminal cases are not uniform. See Wharton's Crim. Evid., 11th Ed., Vol. 2, Secs. 895 ff.; and Annos., 39 LRA 737, and 44 LRA (NS) 119. In State v. Clark, 34 Wash. 485, 76 P. 98, 101 Am. St. Rep. 1066, the different standards were analyzed, and the preponderance of the evidence rule was adopted. And, generally, courts have ruled that

instructions placing upon the defendant a greater burden as to the defense of insanity than proof by a preponderance of the evidence are erroneous. 23 CJS, p. 784. And see State v. Austin, 71 Ohio St. 317, 73 NE 218, 104 Am. St. Rep. 778.

Where the requirement of the jury's satisfaction or reasonable satisfaction is not involved (i. e. not coupled with the preponderance or greater weight requirement), and in the same or other instructions the *state's* burden of defendant's *guilt* is fixed as that of beyond a reasonable doubt, the quantum of a defendant's proof of his insanity is usually that of preponderance or greater weight. Wharton, Crim. Evid., 11th Ed., Vol. 2, Sec. 897, and State v. Hauser, 101 Ohio St. 404, 131 NE 66. See State v. Gatlin, 208 S. C. 414, 38 SE 2d 238. (But see State v. Calkins, 63 Idaho 314, 120 P. 2d 253, disapproving an instruction requiring proof of insanity by a preponderance as exacting of the *defendant* more than the creation of a reasonable doubt.)

Generally, "an instruction is erroneous if it requires that a defensive matter be proved to the satisfaction of the jury." 53 Am. Jur. p. 569. (But see State v. Swink, 229 N. C. 123, 47 SE 2d 852, an insanity case, approving "satisfaction" but disapproving [599] "clearly satisfied.") In State v. Lynch, 130 N. J. L. 253, 32 A. 2d 183, it was said that the satisfaction of the jury *may* be shown by "preponderance of proof." In Barker v. State, 188 Ga. 332, 4 SE 2d 31, "reasonable satisfaction * * * by the preponderance" was approved.

"The quantum of evidence to establish insanity made necessary by this instruction is substantially greater than a preponderance. It is not sufficient, according to this instruction, that the fact of insanity be made probable; something more than that is required; the jury must be 'satisfied' that it existed. To satisfy the mind, according to the common notion of mankind, is to free it from doubt, to set it at rest. This is the primary meaning of the word, according to all the lexicographers, when used in this connection. To accomplish this result—'to satisfy' a body of men of the truth of a disputed fact—requires much more than a preponderance of the evidence. Clear and convincing evidence must be adduced in its favor." Kelch v. State, 55 Ohio St. 146, 45 NE 6, 39 LRA 737.

Under a statute requiring insanity to be "proved to a reasonable satisfaction of the jury" (1940 Ala. Code, Tit. 15, Sec. 422) omission of the word "reasonable" was held erroneous as exacting of the accused "too high a degree of proof." James v. State, 167 Ala. 14, 52 So. 840. In Thomas v. State, 207 Ala. 244, 92 So. 244, of "satisfaction by the preponderance of the testimony," the court said: "To require 'satisfaction,' this court has frequently held, is to require something more than 'reasonable satisfaction' as the statute prescribes." In Grissom v. State, 33 Ala. App. 23, 30 So. 2d 19, the

Alabama rule was said to be that the defendant must establish this defense *"by a preponderance of the evidence* to the satisfaction of the jury.'' (Italics ours.) (But see Boyle v. State, 229 Ala. 212, 154 So. 575, and Grammer v. State, 239 Ala. 633, 196 So. 268.)

Self-defense was involved in Commonwealth v. Colandro, 231 Pa. 343, 80 A. 571. There the court said that, while it was proper to require this defense to be shown to the satisfaction of the jury, ''* * * the learned trial judge should have added that they would only have to be satisfied by the fair preponderance of the evidence.'' In another case involving self-defense, it was said that ''to 'satisfy' the mind'' meant that ''the evidence must be such as to remove all reasonable doubt.''. But, added the court: ''Even if the language employed does not necessarily require proof beyond a reasonable doubt, it is quite evident that it does impose upon the defendant the necessity of establishing his defense by something more than the preponderance of the evidence. So that if it should occur that the jury believed that the defense was supported by the weight of the evidence, but yet they were not satisfied of any of the necessary facts, it would be their duty, under this instruction, to find against the defendant on that issue. This is not the law, and we hardly see how the instruction could have failed to prejudice the defendant's case.'' Foley v. State, 11 Wyo. 464, 72 P. 627. And in Ragland v. State, 238 Ala. 587, 192 So. 498, involving an alibi defense, it was said that the phrase, '' 'to the reasonable satisfaction of the jury' is the apt and well understood measure of proof to sustain an affirmative cause of action or defense in civil actions; the measure of proof required of one carrying the burden to establish his cause of action or defense by the preponderance of the evidence. *It is illogical to apply this phrase where only a reasonable doubt is to be raised by the evidence.*'' (Italics ours.) See also State v. Brooks, 101 Utah 584, 126 P. 2d 1044.

''Satisfaction'' or ''reasonable satisfaction'' is generally approved when used in connection with the *state's* burden. In State v. Graves, 352 Mo. 1102, 182 SW 2d 46, this court approved an instruction requiring the state to show defendant's *guilt* ''to your satisfaction and beyond a reasonable doubt.'' We there said that Seago v. N. Y. C. R. Co., 349 Mo. 1249, 164 SW 2d 336, 147 ALR 372, ''held that 'satisfy' means to set the mind at rest or to convince, which is too strong an expression to use in defining the burden of proof by a *preponderance* of the evidence.'' [600] We ruled that the instruction did not change the *state's* burden of proof to a degree of mental conviction less than belief beyond a reasonable doubt, and noted that '' 'satisfied beyond a reasonable doubt' has been approved in a criminal case,'' citing Boyd v. Commonwealth, 156 Va. 934, 157 SE 546. In McCormack v. State, 133 Ala. 202, 32 So. 268, proof of the state's case to the satisfaction of the jury was said to be favorable to the defendant in that it exacted of the state ''too high a degree of proof.''

That court observed: "Before it can be said that the mind is satisfied of the truth of a proposition, it must be relieved of all doubt or uncertainty." (But in Thayer v. State, 138 Ala. 39, 35 So. 406, the same court sustained refusal of defendant's proffered instructions that if not "entirely satisfied" of defendant's guilt, they should acquit him, and defining beyond a reasonable doubt as to be "wholly satisfied or satisfied to a moral certainty." The court felt that this exacted too high a degree of proof of the state. See also Best v. State, 155 Ind. 47, 57 NE 534.)

"Beyond a reasonable doubt" has been held to mean "fully satisfied," "entirely convinced," "satisfied to a moral certainty"; and "to the satisfaction of the jury" has been construed to mean "such as satisfies the jury of the truth of the matter" and "the jury alone is the judge of its satisfaction." State v. Harris, 223 N. C. 697, 28 SE 2d 232. And in Commonwealth v. Barrish, 297 Pa. 160, 146 A. 553, the court said of "satisfaction of the jury": "This and 'preponderance' are the customary words used in balancing the evidence of the Commonwealth and the defendant as relating to alibi; they do not mean 'satisfy' or 'preponderate' beyond a doubt."

United Dentists, Inc. v. Commonwealth, 162 Va. 347, 173 SE 508, did not involve a criminal prosecution and the burden upon the state was proof only by a preponderance. Refusal of defendants' instructions, making the state's burden the "satisfaction" of the jury, was approved. Quoting from Webster's New International Dictionary, the court stated: " 'To satisfy' means 'to free from doubt, suspense, or uncertainty; to give assurance to; to set at rest the mind of.' "

This court has often criticised instructions in *civil* cases requiring proof to the satisfaction of the jury. Our criticism was based upon the belief that the requirement of "satisfaction" increased the burden of proof. In Randolph v. Supreme Liberty Life Ins. Co., 359 Mo. 251, 221 SW 2d 155, we approved refusal of a proffered instruction containing the clause "to the satisfaction of the jury," saying, "this was reason enough for refusing it." In Johnson v. Dawidoff, 352 Mo. 343, 177 SW 2d 467, we noted the trend of our decisions and expressed the view that this court would sustain the action of a trial court in granting a new trial because of an instruction requiring proof by the greater weight or preponderance of the evidence to the jury's satisfaction or reasonable satisfaction. In Pulse v. Jones, (Mo. Sup.), 218 SW 2d 553, we observed that omission of "reasonable" would be reversible error. See also Seago v. N. Y. C. R. Co., 349 Mo. 1249, 164 SW 2d 336, 147 ALR 372; In re Jacobs' Estate, 238 Mo. App. 833, 188 SW 2d 956; Ramsey v. Parks, (Mo. App.) 179 SW 2d 481; and Ritzheimer v. Marshall, (Mo. App.) 168 SW 2d 159. See 53 Am. Jur. pp. 577, 578, and Anno. 147 ALR 380.

Most persuasive are the rulings and the reasoning: in State v. Murphy and State v. Graves, supra, in the majority of the criminal cases of other jurisdictions, and in the civil cases decided by the appellate courts of this state. We are convinced that the measure of proof required for an insanity defense in a criminal case is the preponderance or greater weight of the evidence; and that the sole requirement of the jury's satisfaction, or reasonable satisfaction imposes upon him a higher degree of proof than that of the preponderance or greater weight of the evidence. In this case, therefore, we follow the second line of authority described above, and rule that the first series of decisions are no longer controlling.

(It is our view that instructions defining the quantum of proof necessary to support such defense should omit all references [601] "to the jury's satisfaction" or "reasonable satisfaction." We realize that the propriety of coupling these terms with "the preponderance or greater weight of the evidence" is not for determination in this case, but believe that this expression of opinion may be helpful to trial judges and members of the bar.)

Because of our conclusions as to Instruction No. 2, the judgment is reversed and the cause is remanded for new trial.

PER CURIAM:—The foregoing opinion by Lozier, C., is adopted as the opinion of the Court en Banc. *Hyde, C. J., Ellison, Conkling,* and *Tipton, JJ.*, concur in result and in separate opinion of *Hollingsworth, J.; Leedy, J.*, dissents and concurs in separate opinion of *Dalton, J.; Dalton, J.*, dissents in separate opinion filed; *Hollingsworth, J.*, concurs in the result in separate opinion filed.

DALTON, J. (dissenting).—I am unable to concur in the opinion of Lozier, C., which would reverse the judgment in this case and remand the cause for a new trial on the theory that Instruction 2 was prejudicially erroneous.

Instruction 2, only partially set out in the opinion, shows that it was applicable only if the jury first found from the evidence and beyond a reasonable doubt that the defendant did commit the act charged against him. As I read the opinion, it holds that this instruction, by requiring the jury to be satisfied or reasonably satisfied as to the validity of defendant's defense of insanity before acquitting him on that ground, imposed upon the defendant a higher degree of proof than the law requires, that is, a higher degree of proof than proof by the preponderance or greater weight of the evidence. The opinion seeks to distinguish between prior decisions of this court which have approved instructions using the words "satisfaction" and "reasonable satisfaction" and those which have approved instructions using the words "preponderance or greater weight of

the evidence.'' The opinion overrules the former group of decisions.

We think the opinion wholly overlooks the fact that the test of the correctness of an instruction lies not in the close analysis which a critical lawyer, or an appellate court, with the aid of briefs, arguments and hours of research, may give to it, but how the instruction would be understood and acted upon by the average juror who is wholly unskilled in the technicalities of the law. While the opinion evidences hours and days of painstaking research in an effort to draw a fine line of distinction between two lines of authorities in this state, and while the opinion reaches a technically correct position as to the difference between the terms used, yet it is a difference that only a trained and experienced lawyer, law teacher, or experienced judge would apprehend or recognize. We are satisfied that it would be a distinction without a difference as far as any ordinary juror is concerned. In fact very few jurors would know what the words, ''a preponderance or greater weight of the evidence,'' meant unless the court went further and gave ''a clear definition of preponderance of evidence, informing the jury that what is meant thereby is evidence which is more convincing to them as worthy of belief than that which is offered in opposition thereto.'' Rouchene v. Gamble Construction Co., 338 Mo. 123, 89 S. W. 2d 58, 63. When such a definition has been given the jurors would understand that the term only refers to that which satisfies or reasonably satisfies the mind as to the truth of the situation. Many prior members of this court have been unable to see any material difference between the two lines of authorities mentioned in the opinion.

The defense of insanity in a criminal case is not like the defense of accident or alibi where the burden of proof remains upon the state to disprove accident or absence, and where a reasonable doubt as to intent or presence may authorize an acquittal. See State v. Markel, 336 Mo. 129, 77 S. W. 2d 112, 115(6); State v. Prunty, 276 Mo. 359, 208 S. W. 91, 95.

The law presumes that a man is sane until the contrary is shown and an instruction imposing the burden of proving insanity as a defense to a crime is upon the one who [602] asserts it. State v. Hundley, 46 Mo. 414, 417. In other words, after the jury has found from the evidence and beyond a reasonable doubt that the defendant did commit the act charged against· him, the burden of proof to establish the defense of insanity and to authorize a discharge of defendant on that ground alone rests upon the defendant. State v. Murphy, 338 Mo. 291, 90 S. W. 2d 103. The instruction imposes no greater burden. We do not think it reasonably possible that an ordinary juror could or would have been misled by Instruction 2, which concluded as follows:

"From all this it follows that although you may believe and find that the defendant did commit the act charged against him, yet if from the evidence you further find that at the time he did it he was in such an insane, deranged, defective or deficient condition of mind that he did not know he was doing wrong, and did not comprehend the nature and character of the act, then such act was not, in law or in fact, malicious or felonious, and you ought to acquit him on the grounds of insanity, and by your verdict so say.

"The Court instructs the jury that if you find the defendant not guilty on the sole ground that he was insane at the time of the commission of the act charged, you will so state in your verdict, and you will also state whether the defendant has entirely and permanently recovered from such insanity."

Considered as a whole, we do not find the instruction misleading or the giving of it prejudicial error.

HOLLINGSWORTH, J. (concurring).—I concur in the result of the opinion of Lozier, C., because it is a step in the right direction and because, for reasons hereinafter stated, it probably is as far as we can go under present statutory provisions for the disposition of persons acquitted of criminal charges on the ground of insanity.

■ But, I think it is still wrong, morally wrong, to require an insane person to establish his innocence on that ground by a preponderance of the evidence. To so require violates a basic concept of American and English jurisprudence: the presumption of the innocence of every person charged with crime. This is no mere procedural presumption. It is substantive, basic; there is no exception. We give great voice to its guaranty. No case is ever submitted, none could lawfully be submitted, without a charge that the defendant in law is presumed to be innocent and the state must prove his guilt beyond a reasonable doubt before he can be found guilty. Now, everyone knows that when a legally insane person, that is, one who, because of insanity, does not know it is wrong to do an otherwise criminal act, yet, nevertheless, does it, no crime has been committed. Yet, under the law as stated in said opinion, and a multitude of others, every such person is required to prove by at least a preponderance of the evidence the fact that no crime has been committed; else, he will be punished as though it had. In the meantime, what has become of the presumption of innocence? Can there be greater inconsistency?

I would not abolish the presumption of sanity. But it is a procedural presumption only. When there is evidence of insanity, the presumption takes flight. Neither would I abolish the requirement that insanity be an affirmative defense. A plea of self-defense is an affirmative defense. It must be raised and supported

by evidence at some stage of the trial. So, likewise, is a plea of insanity. But, in the instance of self-defense, the defendant is required only to create in the mind of the jury a reasonable doubt to authorize an acquittal on that ground. I can see no justification for placing a greater burden on an insane person to absolve himself from a charge of crime on that ground than is placed on a sane person to free himself from a charge of crime on the ground of self-defense. And, as every person experienced in weighing testimony so well knows, there is a very appreciable difference in the degree of proof that raises a reasonable doubt and the degree of proof that convinces by a preponderance of the evidence.

This is written with the thought that Section 546.510, Mo. R. S. 1949, makes it impossible to adopt the rule for which [603] I contend. This section requires a jury that has acquitted a defendant on the sole ground of insanity to further determine whether he has recovered from his insanity and that if he has not so recovered then it provides for his commitment to a state hospital. No procedure is prescribed for the disposition of a person acquitted on the ground of reasonable doubt of his sanity. It is, therefore, clearly implied that a person is not to be acquitted on the ground of insanity unless *factually found to be insane.* But, procedural statutes have been changed when they were found to defeat the enforcement of a substantive right.

I will not further pursue the matter. It was ably discussed by Ellison, J., in State v. Murphy, 338 Mo. 291, 90 S. W. 2d 103. I commend a study of his analysis.