**STATE of Missouri, Respondent,**

v.

**Frank Merle BANNISTER, Appellant.**

No. 47565.

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

Frank P. Barker, Jr., Kansas City, for defendant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Frank M. Bannister appeals from a judgment, entered upon the jury's verdict, imposing a sentence of life imprisonment for the murder in the second degree of Aleta Cook, also known as Aleta Bannister, in Kansas City, Jackson County, Missouri. Appellant contends the court erred in overruling his motion for a directed verdict of acquittal based on his sole defense of insanity at the time of the homicide and at the time of the trial.

Appellant was married and had a wife and five children living in San Antonio, Texas. However, he had been living with Aleta Cook for three years as man and wife and they had one child, a daughter, about two years of age. Appellant, on June 4, 1958, stated to the officers that Aleta and he had had trouble over another man; that he was with his wife in San Antonio for about two months; that he returned to Kansas City and the following day, June 3, 1958, Aleta and he were together from 5:30 a. m., engaged in drinking and lustful acts; that, at the Inez Hotel and after he consumed another half pint of liquor that evening, "I just blew my top"; "I took a

butcher knife out of a dishpan and started stabbing Aleta"; "I knew what I was doing, but I couldn't stop."

Appellant, wearing light colored clothing, left the Inez Hotel about 8:00 p. m. He spoke to Mr. and Mrs. John D. Kelly, who were seated on the front porch. They noticed blood on appellant's shirt and trousers. The manager of the hotel and later, the police, were notified. The body of Aleta, dead from numerous stab wounds, some puncturing the aorta, was in the bathtub of her apartment. Appellant proceeded to a nearby tavern, ordered two double shots of whiskey, and informed the bartender he had just killed his wife.

Appellant's only witnesses were Mary G. Williams, a psychologist, and Dr. George A. Colom, a physician and psychiatrist. Appellant stresses in his brief the following testimony of Dr. Colom: "I feel that he [appellant] is psychotic, of the specific type schizophrenia which prevents him from understanding, being able to protect himself or defend himself in trial, to distinguish right from wrong, or to be able to adhere to the right and refrain from the wrong." Witness Williams' testimony was corroborative.

The State offered no witness in rebuttal.

Each of appellant's witnesses testified that appellant had not recovered from his insanity and that his condition was permanent. Under § 546.510 RSMo 1949, V.A. M.S., it would be the duty of the jury, if it believed this testimony, to find that appellant had not entirely and permanently recovered from his insanity and the duty of the court to commit appellant to a State hospital. (The repeal and reenactment of § 546.510 by Laws 1959, S.B. 272, effected no change affecting the issue presented.)

■ Appellant had the burden of proving his insanity by a preponderance of the evidence as an affirmative defense. State v. Murphy, 338 Mo. 291, 90 S.W.2d 103, 108 [2]; State v. Barton, 361 Mo. 780, 236 S.W.2d 596 [4, 5].

" 'In Missouri and a majority of the other states the mental test for criminal responsibility is whether the accused was capable of distinguishing right from wrong as applied to the particular act. Mere irresistible impulse is not an excuse.' " State v. Goza, Mo., 317 S.W.2d 609, 613 [2, 3], quoting State v. Jackson, 346 Mo. 474, 142 S.W.2d 45, 49, and citing cases.

■ The following from State v. Quilling, Banc, 363 Mo. 1016, 256 S.W.2d 751, 752 [1, 2], disposes of appellant's contention: "The essence of the contention is that in the absence of countervailing *expert testimony* (and admittedly there was none), the opinion evidence of the psychiatrist was conclusive on the insanity issue, and entitled defendant to a directed verdict of not guilty. We have been cited to no authorities so holding, either here or elsewhere, nor have we been able to find any. The rules governing opinion and expert testimony are the same in criminal cases as in civil. And the settled doctrine is that 'the testimony of experts is to be considered like any other testimony, is to be tried by the same tests, and receive just so much weight and credit as the jury may deem it entitled to when viewed in connection with all the circumstances * * *.' Scanlon v. Kansas City, 325 Mo. 125, 150, 28 S.W.2d 84, 95. The rule is not different even though expert evidence be uncontradicted. For example, see State v. Stapp, 246 Mo. 338, 340, 151 S.W. 971, 972–973, an abortion case, where it was said: 'We are confronted with the fact that the abortion did not occur until four weeks after the alleged use of the instruments. The expert testimony was *all* to the effect that such result would not follow after so long a time. *The jury were not necessarily bound by the expert evidence, and had the right to find that the abortion was caused by the use of the instruments notwithstanding such expert evidence.'* (Emphasis supplied.) [Cita-

·tions omitted.]" See also Clingenpeel v. ·Citizens' Trust Co., Mo., 240 S.W. 177, 185 [1].

The record before us discloses that Dr. ·Colom testified appellant stated it was wrong for him to kill his common-law wife ·"and he realizes that killing somebody is wrong." There was testimony in the State's case in chief from witnesses John Kelly, Orval Carter, the bartender at the tavern, and Detective Joseph C. McCormick, to whom appellant made his state·ment, from which a jury could find that .appellant was sane.

■ The only remaining point in appel·lant's brief relates to the instruction on insanity, which he states conformed to the ·ruling in State v. Barton, 361 Mo. 780, 236 S.W.2d 596. We do not discuss the point. The only assignment in appellant's motion for new trial with respect to instructions reads: "The Court erred in not granting ·defendant's instruction 'A' and in granting .all instructions offered by the State." No specific grounds or causes for the asserted ·error are set forth and the assignment is ·insufficient to preserve anything for appellate review. Supreme Court Rule 27.20, 42 V.A.M.S.[1]; State v. Grubbs, 358 Mo. 323, 214 S.W.2d 435 [8]; State v. Gaddy, Mo., 261 S.W.2d 65 [2]; State v. Reese, .364 Mo. 1221, 274 S.W.2d 304 [8].

The matters of record we are required to ·consider are in proper form and sufficient.

The judgment is affirmed.

BARRETT and STOCKARD, CC., con·cur.

PER CURIAM.

The foregoing opinion by BOHLING, ·C., is adopted as the opinion of the court.

All concur.