FRED C. ZEITINGER, Appellant, v. CHARLES DREWES, ORVILLE VAN STRATTON, THOMAS RYAN, J. WALTER SCHULTZ, WILLIAM T. POWERS, A. G. TEMPLETON, ELMER CHATMAN, Respondents.—No. 40807.—217 S. W. (2d) 549,

Division One, February 14, 1949.

*F. D. Chilott* for appellant.

*George L. Stemmler,* City Counselor, and *John P. McCammon,* Associate City Counselor, for respondents.

*Wm. T. Powers pro se,* for respondents.

912

[549] CLARK, J.—Plaintiff Zeitinger filed suit in the circuit court of the City of St. Louis praying judgment for $30,000.00 for false arrest. Defendants Drewes, Van Stratton and Ryan are police officers of that city; defendant Schultz is administrator of the estate of Anna Jacobs, deceased, in process of administration in Wayne County; defendant Powers is attorney for the estate; defendants Templeton and Chatman are, respectively, probate judge and sheriff of Wayne County. At the close of plaintiff's case the court sustained the joint motion of defendants for a directed verdict and rendered judgment for defendants. Plaintiff appeals.

In January, 1943, Schultz filed an affidavit in the probate court of Wayne County, under Section 63-66, [Revised Statutes of Missouri, 1939, Mo. R. S. A.] alleging that Zeitinger, a resident of St. Louis City, was wrongfully withholding money belonging to the Jacobs estate and praying that he be cited to appear before the probate court to answer interrogatories. A citation was issued requiring Zeitinger to appear in the probate court on a day named, and was served upon him in St. Louis by the sheriff of that city. He failed to obey the citation. The probate court issued an attachment for him under which he was arrested and returned to Wayne County. Interrogatories were filed, a trial was had in the probate court resulting in a verdict and judgment in favor of Zeitinger. This was reversed upon an appeal by the administrator to the circuit court, where a verdict was returned and judgment rendered in favor [550] of the estate. Zeitinger appealed to the Springfield Court of Appeals where the judgment of the circuit court was affirmed. [238 Mo. App. 833, 188 S. W. (2d) 956.] Zeitinger paid the judgment and then brought the instant suit for false arrest, which he lost and appealed to this court.

Appellant contends in this court, as he did in the court of appeals, that the attachment issued by the probate court was void because the court lacked jurisdiction to cause the writ to be served upon him outside the limits of Wayne County.

True, our statutes limit the jurisdiction of a probate court to the county in which it is located. It cannot act as a court in any other county and it did not do so in this case. Both the citation and writ of attachment had to be and were issued by the probate court in Wayne County. But it does not necessarily follow that such process could not be legally served upon appellant in another county and require his attendance in the court which issued the process.

The citation was issued in exact conformity with Sections 63-66 of Article 2, Chapter I, Revised Statutes Missouri, 1939, Mo. R. S. A. When appellant failed to appear in obedience to the citation, the probate court issued its writ of attachment under Section 282 of Article 11 of Chapter I. That section reads as follows:

"Section 282. The court, for disobedience to any order made in pursuance of the provisions of articles 1 to 13, inclusive, of this chapter, may issue attachments, imprison the body or proceed by sequestration of land and goods, and may issue the process for that purpose, directed to any county, and cause it to be served therein."

That section expressly authorizes service upon any person in any county of process issued by a probate court in proceedings to discover assets mentioned in the sections contained in articles 1-13, inclusive, of Chapter I. Appellant does not attack the validity of the section either upon constitutional or other grounds. In his reply brief in this court, for the first time he makes some reference to a constitutional question in connection with the opinion of the court of appeals,

but, of course, that raises no such question here. In his original brief appellant virtually concedes the validity of Section 282, but contends that it applies solely to proceedings against executors, administrators or their sureties. He bases his argument entirely upon the position which Section 282 occupies in the revised statutes and the head-line which precedes article 11 of chapter I.

Section 282 was first enacted in 1825 as a part of a comprehensive Act covering the entire field of administration of estates of deceased persons. [Laws of Missouri 1825, Vol. I, pages 92-125, inclusive.] The original Act was not divided into articles and chapters. Section 76, now Section 282, authorized the issuance of attachments, and service of same in any county of the state, 'for disobedience "by any executor or administrator" of any order "made in pursuance of this Act." In 1845 the section was amended to read as follows: "Section 9. The county court, for disobedience to any order made in pursuance of this Act, may issue attachment, imprison the body, or proceed by sequestration of lands, or goods, as fully as a court of chancery may do, and may issue their process for that purpose, directed to any county, and cause it to be served therein." [R. S. Mo. 1845, p. 105.] Thus, as amended, the section was clearly made to apply not only to executors and administrators, but to *any* person. In that form, with amendments vesting jurisdiction in probate courts, the section has been retained in the statutes and now appears as Section 282.

In 1843 the general assembly appointed a commission to revise the statutes. After the session of 1845 the commission completed its work and caused the revised statutes to be published. [See Laws of Missouri 1843, page 82, and statement at the beginning of Revised Statutes Missouri, 1845.] The commission divided the chapter on administration into articles and placed at the head of the article containing the provision now being considered the line "Of proceedings against executors, administrators and securities." That head-line [551] has been retained in succeeding revisions of the statutes, but is no part of the Act, or of its title and does not tend to limit its scope. Of course, the Act could be amended only by a bill enacted under constitutional procedure by the general assembly.

As appellant's position rests upon a mistaken view that the statute is limited by the head-line, his citations of authorities are not in point.

We hold that the service of the citation and the attachment outside the limits of Wayne County was authorized by the statute; that appellant's arrest was lawful and the circuit court did not err in directing a verdict for respondents.

The judgment is *affirmed*. All concur.