**F. K. PARKER, Appellant,**

v.

**T. O. SUTTON & SONS, a Partnership, Appellees.**

**No. 6681.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 8, 1964.

Rehearing Denied Oct. 28, 1964.

**434**

Marion G. Holt, Nacogdoches, for appellant.

Ramsey, Ramsey & Smith, San Augustine, for appellees.

PARKER, Justice.

This is a boundary suit tried before a jury. Appellees H. G. Sutton, J. W. Sutton, M. O. Sutton, C. A. Sutton, and R. W. Sutton, hereinafter called "Suttons", sued appellant Parker, hereinafter called "Parker", in trespass to try title for 13.63 acres of the Charles G. Bruce Survey in San Augustine County, Texas. Parker's answer was plea of not guilty. The 13.63 acres were enclosed by defendant Parker. The Charles Hereford Survey and the Charles G. Bruce Survey adjoin, the Hereford Survey being the senior survey. The jury found the location of the dividing line between the two surveys to be as contended by the Suttons. Upon this jury verdict, Suttons recovered from Parker the title to and possession of the 13.63 acres. Further, Parker was ordered to move the fence from Suttons' property.

As part of his Point 1, Parker contends there is no evidence to support the verdict of the jury for the reason (A) that the land for which Suttons sued was not shown to be owned by them. Part of Parker's Point 2 is to the same effect, except Parker contends there is insufficient evidence to support the verdict of the jury. The Charles G. Bruce Survey, containing 334½ acres, was patented to Charles G. Bruce by the State of Texas on August 22, 1902. The Suttons introduced a regular chain of title under such patent into them conclusively establishing their ownership of the fee simple title to the entire Charles G. Bruce Survey. There is no evidence to the contrary.

The remainder of Parker's Point 1 is that there was no evidence to support the verdict of the jury for the reason (B), "That there is no testimony that Point 2 to Point 5 on the plat introduced in the evidence as appellees' exhibit No. 17, and found by the jury to be the true line between the Bruce and Hereford Survey was run on the same degree declination as called for between the original survey and patent of the State of Texas for the Hereford Survey." The remainder of Parker's Point 2 is to the same effect except that the contention is (B) that there was insufficient testimony that such Point 2 to Point 5 was run on the same degree declination as called for in such survey and patent for

the Hereford Survey. Parker, in his first amended original motion for new trial, in no manner complains of there being no evidence or insufficient evidence to show that the true line between the Bruce and Hereford Surveys was run on the same degree declination as called for "between the original survey and patent for the Hereford Survey." Under Rule 374, Texas Rules of Civil Procedure, such alleged errors were waived by Parker because they were not set forth in such motion for new trial.

■■ The Hereford Survey was patented in 1848. R. A. Ellis surveyed the Hereford Survey July 25, 1842, using a variation of 9 degrees 20 minutes East, being the compass declination from true North Ellis used for magnetic North. The surveyor Owens made his survey in 1961 and used a variation of 8 degrees East for his compass declination from true North. The variation from magnetic North and true North constantly changes according to the evidence in this case. Actually, this is a scientific fact commonly known, of which this court takes judicial notice. The surveyor Owens testified that in order to follow the footsteps of surveyors in running out old surveys of the age of the Hereford Survey he had found an 8 degree declination to fit their lines. Appellant contends, "If Point 2 to Point 5 on the plat was not run on the same degree declination as called for by the original survey and patent by the State of Texas for the Hereford Survey, it cannot be the same line called for by the original survey and patent by the State of Texas for the Hereford Survey and is not the true boundary line between the Bruce and Hereford Surveys." It is undisputed that the declination used by Owens was different from the declination used by Ellis in 1842. If he had used the same declination, he could not have followed the footsteps of the original surveyor. Appellant's argument concerning declination is without merit.

■ The surveyor Owens testified as to his work on the ground in locating the common boundary line of the Hereford and Bruce Surveys, being the line Point 2 to Point 5 on appellees' exhibit No. 17. Along this line was an old fence. Such line was located by Owens according to Ellis' field notes of 1842 for the Hereford Survey from the best evidence now available and in accordance with and controlled by corners generally recognized and accepted as correct in that community. The line found by the jury to be the true boundary line between the Hereford and Bruce Surveys had been respected for a long period of time. When appellees' exhibit No. 17 reflecting Owens' work upon the ground was offered in evidence, the only objection by appellant was based upon his argument as to declination.

Under the undisputed evidence, appellees conclusively established that they owned in fee simple the Charles G. Bruce Survey. The Bruce Survey includes the land in controversy by virtue of the jury finding as to boundary.

There is evidence supporting the finding of the jury that the true line between the Charles Hereford Survey and the Bruce Survey is from Point 2 to Point 5 as shown on the plat introduced in evidence as "P–17". Appellant's Point of Error No. 1 is overruled for the reasons hereinbefore stated.

Viewing the entire record, there is an abundance of probative evidence supporting the finding of the jury as to the location of such boundary line. Some of this evidence is detailed hereinafter and a fair summary of same is contained hereinabove. The finding of the jury as to the location of such boundary line is not manifestly unjust and clearly wrong. For the reasons hereinabove stated, appellant's Point of Error No. 2 urging there was insufficient evidence to support the verdict of the jury is overruled.

■■ Parker's Point 3 is that the trial court erred in allowing the surveyor Owens to testify that the land enclosed by Parker's

fence was part of the Bruce Survey over the objection of Parker that it called for a conclusion and opinion of the witness and it invaded the province of the jury. Prior to the questions and answers complained of, Owens had testified, without any objection, that he identified the West boundary line of the Bruce Survey and the East boundary line of the Hereford Survey on the ground. The plat reflecting his work was admitted in evidence. Owens was asked to explain his plat and what it showed, which he did, without objection. Parker made no objection to Owens' testimony as to the location of the lines of the Hereford Survey as shown on the plat and as found by him on the ground. Owens testified, without objection, that the line the jury subsequently found to be the dividing line between the Hereford and Bruce Surveys, as shown on Owens' plat, was the boundary line between the Hereford to the West and the Bruce to the East. Many such statements were made by Owens without objection by Parker prior to the testimony complained of. The only surveyor testifying in this suit was the witness Owens. He was questioned at length by all parties to this suit concerning the field notes of the two surveys, his work on the ground locating such surveys from such field notes, the plat reflecting that work, the lines of the surveys accepted by him, and all matters relating to the questions involved in this lawsuit.

The questions and the answers complained of are set forth below:

"Q. Yes, sir. Could you under any type of approach, calls, distances, evidence on the ground or anything that you saw there and know about, could you determine that this land could, under any condition, be Hereford land?

"A. In my best knowledge there is no conceivable way this could be ——"

Here the objection was made, which was overruled. The question was restated and the witness answered as follows:

"Q. The question was from what you did there on the ground, using calls, distances, evidence on the ground, everything that you used and saw in your work as a surveyor there, could you under any circumstances, determine that any of this enclosed land in this fenced area was part of the Hereford Survey?

"A. No."

Same objection was made after this question. Further questions and answers followed, to which no objection was made:

"Q. And did you determine that it was part of the Bruce Survey?

"A. It was part of the Bruce Survey.

"Q. You say that the area enclosed in the fence there is Bruce land fenced up?

"A. It is Bruce land."

The same evidence had been admitted from the same witness under proper questions prior to such objections. Counsel for Parker made no objection as soon as the asserted grounds thereto appeared, nor did he ever make a motion to strike out the evidence or request the court to instruct the jury to disregard it.

Such opinion and conclusion of the witness Owens was based upon his work on the ground. In this field, he was a qualified expert. His opinion as to the location of the boundary line had theretofore been admitted in evidence to aid the jury, not to control it, in the determination of the sole issue submitted to it. Houston & T. C. R. Co. v. Roberts (1908), 101 Tex. 418, 108 S.W. 808, 809; Texas & N. O. R. Co. v. Wood (1942, Tex.Civ.App., San Antonio), 166 S.W.2d 141. The testimony of Owens as to his work on the ground in locating the Hereford and Bruce Surveys, his testimony as to the recognized corners he found and all evidence bearing upon the location of the boundary line make the ob- .

jection to the ruling of the trial court at that time under those circumstances unavailing and without merit. It was not erroneous. Rowe v. Liles, Tex.Civ.App., 226 S.W.2d 253 (err.ref.), and authorities cited therein on page 256; McCormick and Ray, Texas Law of Evidence, Section 27, Page 26, Volume 1. Error cannot be predicated on the admission of evidence, where the fact sought to be proven was convincingly proven by other evidence, admitted without objection. Panhandle Nat. Bank v. Emery (1890), 78 Tex. 498, 15 S. W. 23, 25. Parker's Point 3 is overruled.

The opinion filed herein on September 17, 1964, is hereby withdrawn and this opinion is substituted in lieu thereof.

Judgment of the trial court affirmed.

Appellant Parker's motion for rehearing is overruled.