In the Matter of The **ESTATE** of Mary Lucy LAYNE, Incompetent, Plaintiff-Respondent,

v.

Joseph **EZERSKY**, Defendant-Appellant.

No. 32302.

St. Louis Court of Appeals.

Missouri.

April 19, 1966.

Rehearing Denied May 23, 1966.

Bahn & Saitz, Robert W. Saitz, St. Louis, for defendant-appellant.

Schnebelen & Schnebelen, Milton J. Schnebelen, Farmington, E. L. McClintock, Jr., Flat River, for plaintiff-respondent.

DOERNER, Commissioner.

This is a statutory proceeding to discover assets. Section 475.160, RSMo 1959, V.A.M.S. The court found that the de- fendant was unlawfully withholding sums totaling $6,426.44 belonging to the ward and ordered him to pay and deliver the same to Archie T. Douglas, the ward's guardian. Defendant's appeal followed in due course.

The guardian initiated the proceedings in the Probate Court of St. Francois County, Missouri, on October 2, 1964, by the filing of an affidavit consistent with the forego- ing statute. A citation was issued, and on defendant's application and affidavit for a change of venue, based on the alleged bias and prejudice of the Probate Judge, the cause was transferred and certified to the Circuit Court of that County. At a hearing held on December 17, 1964, defendant's counsel, in answer to the citation, formally admitted for the record that defendant was in possession of the money involved but denied the unlawfulness of the defendant's possession. As authorized by the statute, Section 473.343, the defendant was then examined under oath. Thereafter, the guardian propounded interrogatories in writing, to which the defendant made writ- ten answers. The substance of defendant's answers, so far as the money involved in this appeal is concerned, was that under a power of attorney executed by Mary Lucy Layne he came into possession of the $6,- 275.08 in her savings account, and two checking accounts of $81.08 and $70.28, all at the Lemay Bank and Trust Company; and that prior to her adjudication he had disbursed all such funds. Of the disburse- ments listed by the defendant in his answer over $6,000 was stated to have been paid to himself, primarily as "reimbursements" for " * * * services, expenses and advance- ments made in behalf of Mary Lucy Layne." The remaining $450 was alleged to have been disbursed by various payments to three named persons, one of $150 for services to the ward, and three of $75, $100, and $125 for her room and board, all prior to her adjudication.

Following the filing of defendant's an- swers to the interrogatories the matter was

specially set for trial on April 14, 1965. Counsel for both parties appeared and were present, but the defendant was not. In answer to the court's inquiry the attorney for the guardian announced that he was ready on the basis of the pleadings as made by the interrogatories and defendant's answers thereto. Counsel for defendant expressed the view that while defendant had, " * * admitted under oath as to the possession of the monies in question * * * " his answers had exonerated him as to the unlawfulness thereof, and that the guardian should be required to file detailed charges against the defendant so that the defendant would be " * * * apprised of exactly what he has to defend * * * " against. In answer to that argument the attorney for the guardian contended, in brief, that inasmuch as the defendant had admitted the receipt and possession of the ward's funds the burden of proof was on defendant to justify the validity of the disbursements he claimed he had made; and that under the pleadings the burden of going forward with the evidence was also on defendant. The record shows that a rather extended discussion concerning these subjects ensued between the court and opposing counsel, during the course of which the attorney for the guardian inquired whether the court had the defendant's answers before him. Upon being assured that the court did, the attorney for the guardian proceeded to read at length, as appears in the record, those answers of the defendant in which he admitted that he had come into possession of the ward's funds. After further argument the court ruled that he was in accord with the view of the law as expressed by the guardian's attorney, and that the burden of proof was on defendant to establish the disbursements claimed to have been made and their legality.

Defendant's counsel explained that in the light of his opinion as to what was required of the guardian in the way of a specific charge he had not brought the defendant to court. It developed from defendant's counsel that defendant was in business in Hot Springs, Arkansas, and that because of the distance it would be impossible for him to appear that day. The upshot of it was that the cause was continued to enable the defendant's counsel to " * * * prepare to satisfy this Court as to these money expenditures," as counsel expressed it. Before that was done, however, the parties, by counsel, stipulated as to certain facts. They stipulated that Mary Lucy Layne had been adjudicated an incompetent in the St. Francois County Probate Court; that such adjudication was made on July 23, 1964; and that on the same day Archie T. Douglas was appointed her guardian.

The next entry in the record before us is that of the judgment on May 7, 1965, approximately three weeks after the first setting. The judgment recites that the case was set for trial on that day, and that the guardian appeared by his attorneys, but that the defendant did not appear, and made default. It is further recited that the court being fully advised in the premises upon the written interrogatories and defendant's answers thereto finds that at the time of the appointment of the guardian the defendant had in his possession and control money totaling $6,426.44, belonging to Mary Lucy Layne, which he is unlawfully withholding; and it concludes with the order, judgment and decree directing the defendant to forthwith deliver said money to the guardian.

In his motion to set aside the judgment and to enter judgment in his favor, or in the alternative for a new trial, defendant specified but one ground, that, " 'The judgment is without sufficient evidentiary support.' " That is likewise the sole point urged in his appeal. The substance of his argument is that the judgment cannot stand because the record does not show that the defendant's answers to the interrogatories were formally introduced in evidence.

In a proceeding of this nature the written interrogatories and the answers thereto constitute the pleadings and settle the issues. In re Petersen's Estate, Mo.,

295 S.W.2d 144; In re Estes' Estate, Mo., 166 S.W.2d 1061; Roethemeier v. Veith, 334 Mo. 1030, 69 S.W.2d 930. In his answers to the interrogatories propounded to him defendant admitted having come into possession of the money belonging to Mary Lucy Layne prior to her adjudication. Having admitted the receipt and possession of such funds the burden of proof, as the trial court ruled, rested upon defendant to establish his right to withhold the money from her guardian and the validity of the disbursements he claimed to have made on her behalf. Roethemeier v. Veith, supra; Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353; In re Weingart's Estate, Mo.App., 170 S.W.2d 972; In re Jacobs' Estate, 238 Mo. App. 833, 188 S.W.2d 956.

 There are authorities which indicate, contrary to defendant's contention, that in this type of proceeding a defendant's admissions in his answers may be considered as evidence although not introduced as such. See Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132; Carmody v. Carmody, 266 Mo. 556, 181 S.W. 1148; Newell v. Edom, Mo.App., 242 S.W. 701; Allmon v. Allmon, Mo.App., 306 S.W.2d 651; Limbaugh's Missouri Practice with Forms, Vol. I, p. 809, Sec. 645. Assuming, however, without deciding that it was necessary to place defendant's answers in evidence we cannot agree with defendant that the answers were not so introduced. The hearing on April 14, 1965 was before the court, sitting without a jury. The court had the interrogatories before him, his attention was directed to them by counsel for the guardian, they were read to the court at length, and their import and effect were discussed by the court and counsel. While the defendant's answers were not introduced in evidence in formal manner our appellate courts have held that analogous actions and circumstances constituted an introduction of the evidence involved and that no formal proffer was necessary. Godsy v. Thompson, 352 Mo. 681, 179 S.W.2d 44, cert. den. 323 U.S. 719, 65 S.Ct. 48, 89 L.Ed. 578; Wolfe v. Supreme Lodge Knights and Ladies of Honor, 160 Mo. 675, 61 S.W. 637; Charles v. Patch, 87 Mo. 450; Baker v. Atkins, Mo. App., 258 S.W.2d 16; Missouri Interstate Paper Co. v. Gresham, 233 Mo.App. 5, 116 S.W.2d 228; City of St. Louis, to Use of Gilsonite Const. Co. v. McCully Const. Co., Mo.App., 184 S.W. 939.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.