Riebe F. NABOURS, Appellant,

v.

Clifford WHITELEY et al., Appellees.

No. 11806.

Court of Civil Appeals of Texas, Austin.

March 31, 1971.

Rehearing Denied April 28, 1971.

Charles C. Smith, Jr., Cameron, for appellant.

John B. Henderson, Jr., Cameron, for appellees.

SHANNON, Justice.

This is a trespass title suit brought by appellant Riebe F. Nabours against Clifford Whiteley, Olene Hanson and wife, Martha Anne Hanson, appellees, involving a narrow strip of land in Milam County. Upon trial to the court, judgment was entered decreeing that appellant take nothing and vesting title and possession in appellee, Whiteley. Appellees Hanson were the predecessors in title of Whiteley, and hereafterwards Whiteley will be referred to as appellee.

We affirm the judgment of the trial court.

The court prepared and filed findings of fact and conclusions of law, and found, among other things, that appellee had established title to the land by the five, ten, and twenty-five years statutes of limitations and also that appellee held legal record title. The court further found that appellant failed to establish title to the land.

Appellee and appellant own adjoining tracts of land. Appellee's land lies in the Sterritt Dobbins League, while appellant's land lies in the Rebecca Moore League. The east line of the Dobbins League and the west line of the Moore League are common. The pertinent descriptions in appellee's chain of title called for appellee's east line to be the Dobbins League line, while the pertinent description in appellant's chain of title called for appellant's western line to be the Moore League line. The major problem in the case was the location on the ground of the common league line between Dobbins and Moore.

Appellee pleaded and the court found that the strip of land in dispute was within Dobbins and the common league line was located on and along appellant's west fence line. Appellant contended, however, that the strip in controversy was within Moore and that the common league line was a few feet west of her fence just beyond what she contended was an old neighborhood road. Appellant contended that her fence had been put to the east side of the old road, but that her property and the league line were on the west side of the road.

In the outset we are confronted by appellee's "Motion to Strike Certain Exhibits from the Statement of Facts." The exhibits complained of by appellee's "Motion to Strike" are plaintiff's exhibits P–25 through P–59 which are copies of instru-

ments alleged to be in appellant's chain of title. Appellee's motion claims that these exhibits were never offered into evidence by either appellant or appellee nor admitted into evidence by the trial court.

We have examined the statement of facts and we are satisfied that appellant never offered exhibits P–25 through P–59, being those recorded instruments claimed to be in appellant's chain of title. Appellant had the burden to offer into evidence those instruments claimed to be in her chain of title and to have the court pass upon the offer. Inasmuch as appellant undertook to show that she deraigned her title to the land from the sovereignty of the soil, the gap represented by those exhibits is fatal to her case, and the trial court did not err in holding that appellant failed to establish title to the land in controversy.

In the event that we are mistaken concerning appellant's failure to offer in evidence her chain of title, we will pass on appellant's points.

Appellant's brief contains eight points of error, claiming that the trial court's findings (1) that the land was within the Dobbins League, (2) that the appellant had failed to establish title to the land and that (3) appellant's fence as the league line was established through recognition and acquiescence, were not supported by any evidence or alternatively were against the great weight and preponderance of the evidence. Lastly, appellant claims that since she proved "superior record title * * * as well as prior possession * * *" of the land, the trial court erred in not rendering judgment in her favor. Appellant does not complain by any point of error of the court's findings that appellee had matured limitation title by the five, ten, and twenty-five year statute.

An axiom in boundary suits is that the footsteps of the original surveyor must be followed, if ascertainable in locating the line. If, however, there is insufficient evidence to establish the line followed by the original surveyor, then ancient boundaries may be proved by evidence of common reputation. Stover v. Gilbert, 112 Tex. 429, 247 S.W. 841 (1923).

Appellant's points call for a review of the record. Both appellant and appellee presented surveyor witnesses who had made surveying attempts to correctly locate the common league line. Most of the surveyor testimony is conflicting. Appellee's surveyor Caroll Williams testified that he tried to follow in the footsteps of the original surveyor and believed that he had succeeded. He concluded from his work on the ground that the common league line was appellant's west fence line and, over appellant's objection, that the strip of land described in appellant's petition lay in the Dobbins League. Williams' opinion as to the location of the strip of land was admissible as that of a qualified expert. Parker v. T. O. Sutton and Sons, 384 S.W.2d 433 (Tex.Civ.App.1964, no writ).

Likewise, Frank Martin, Jr., appellant's surveyor, testified that he attempted to follow in the footsteps of the original surveyor. He concluded from his work on the ground that the common league line was west of appellant's west fence and that the strip of land described in appellant's petition lay in the Moore League.

The reason, we think, for the difference in the opinions of the surveyor witnesses is that there were no markers or identifiable objects mentioned in the original surveyor's notes between the southeast corner and the northeast corner of the Dobbins League. In fact the southeast corner was marked by a stake and the northeast corner was marked by a hackberry tree "three inches" in diameter on the south bank of Little River, neither being capable of surviving one hundred thirty-five years. In attempting to find the league line then, appellee's Williams and appellant's Martin started at different points. Williams began at the southwest corner of appellant's tract and traveled north for about 7500 feet along fences and remnants of fences.

He was able to follow south from the starting point for about the same distance. On the other hand, Martin assumed the accuracy of a 1962 survey of the Wardlaw tract immediately north of appellant's tract. This survey had been made in connection with the sale of the Wardlaw tract financed by the Veteran's Land Board. As a result of that survey the Wardlaw fence was moved to the west about 50 feet and it was from the new fence corner that Martin commenced his work.

Appellee produced some evidence tending to trace the footsteps of the original surveyor. We think that appellee's evidence is about as satisfactory as could be expected after the lapse of 135 years.

Since there was uncertainty about the correct boundary and since there were no markers or identifiable objects between the southeast corner and the northeast corner of the Dobbins League, there was testimony admitted concerning acquiescence and the location of the boundary and league line by knowledge and reputation, some of the testimony being objected to by appellant. Appellant filed no points of error complaining of the introduction of this testimony, but her objections were discussed in her no evidence point.

■ Martha Anne Hanson lived in the area near the disputed land for about 28 years and knew the area well. She and her husband sold the land to appellee Whiteley. With respect to appellant's fence she said it " * * * was there my first knowledge when I was old enough to know, to recognize fences and things like that." She testified without objection that appellant's fence was on the "league line." She was permitted to testify over a general objection that appellant's fence was the boundary line and had always been the boundary line. The trial court properly overruled appellant's objection to Mrs. Hanson's testimony since one may testify as to the location of the boundaries of his property if he has the knowledge thereof.

Brohlin v. McMinn, 161 Tex. 319, 341 S. W.2d 420 (Tex.Sup.1960)

■ John B. Henderson, Sr., had been familiar with this land since about 1906. He said appellant's fence had been built in 1906 or 1907 and is now in the same location as built. Henderson testified over objection that the general reputation as to the location of the league line was that appellant's fence followed the league line. Such testimony was proper inasmuch as there were no markings or monuments or land marker in the original surveyor's field notes of Dobbins between the southeast corner and the northeast corner in Little River so that there could be no physical evidence as to the location of the league line. Stover v. Gilbert, supra. See Brateman v. Upper Channel Site Company, 378 S.W.2d 882 (Tex.Civ.App.1964, ref. n. r. e.).

Mrs. Johnnie Baker, the manager of the Milam County Abstract Company, lived all her life about three miles away from the disputed land, and was familiar with the disputed land and its location. She testified without objection that the common understanding and reputation in the community was that the league line followed appellant's fence. She knew appellant's fence and had been familiar with it for about forty years.

Appellant presented several non-surveyor witnesses who testified concerning the league line. Paul Nabours, appellant's son, testified that he was present in 1957 when Lewis Knox surveyed the west league line of Moore. Nabours said that Knox pointed out a rock as being the league line. Mac Biggers, another of appellee's witnesses was present when Knox pointed the rock out. This rock was on the northwest corner of the 1962 survey of the Wardlaw tract when the Wardlaw fence was moved 50 feet west. It was not shown when the rock was placed there, by whom, or for what purpose. Julian Terry, a former owner of the Wardlaw tract, was present during the 1962 survey of the Wardlaw

tract, and the same rock was pointed out to him as being the league line. Appellant testified that in 1957 Mr. Knox surveyed the league line out and the stobs were located fifty or sixty feet west of her fence line.

From a review of the entire record we are satisfied that the findings of the trial court are supported by probative evidence, and appellant's points are overruled.

The judgment of the trial court must be affirmed for an additional reason. The trial court found that appellee had title to the land in controversy by virtue of the five, ten, and twenty-five years statutes of limitation. Appellant did not complain by any point of error of these findings of limitation title, . and as a consequence, waived any error of the trial court with respect to these findings. Futch v. Greer, 353 S.W.2d 896 (Tex.Civ.App.1962, error ref., n. r. e., cert. den. 372 U.S. 913, 83 S. Ct. 728, 9 L.Ed.2d 721).

The judgment of the trial court is affirmed.