**T. P. WHITLEY, Appellant,**

v.

**Boyd KING et al., Appellee.**

No. 18083.

Court of Civil Appeals of Texas, Fort Worth.

May 10, 1979.

Mikeska & Francis, and R. C. Joe Mikeska, Jr. and John R. Francis, Temple, for appellant.

Piperi, Roberts & Morris, and Frank Roberts, Killeen, for appellee.

## OPINION

HUGHES, Justice.

Defendant, T. P. Whitley has appealed a judgment of the trial court in a trespass to try title suit finding title to certain land to be in Boyd and Lloyd King, plaintiffs. Whitley had pled not guilty and title by limitations.

We affirm in part and reverse and remand in part.

Whitley, in his first point of error, says the trial court erred in refusing to allow him to present reputation evidence of the original boundaries. We overrule this point because Whitley waived his complaint by failure to make a bill of exceptions. *Vega v. Royal Crown Bottling Company,* 526 S.W.2d 729 (Tex.Civ.App.—Corpus Christi 1975, no writ). Also, there was testimony that the boundary in question had been located by a surveyor from an iron pipe in the ground set by another surveyor. We hold this to obviate reputation testimony in this case. *Nabours v. Whiteley,* 466 S.W.2d 62 (Tex.Civ.App.—Austin, 1971, writ ref'd n. r. e.).

We overrule point of error two wherein Whitley complains of not being able to open and close jury argument. Examination of the charge to the jury reflects the burden on Kings, in special issue number one, to show record title in themselves. Since Whitley refused to stipulate record title in the Kings, that issue was for the jury, as well as Whitley's issue on adverse possession. Furthermore, the Kings also had the burden of proof on a third special issue dealing with rental value of the property.

We also overrule Whitley's third point of error which argues that trial court erred in denying his first motion for continuance. The granting of a continuance is discretionary with the trial judge, reversible only if abused. *Hernandez v. Heldenfels,* 374 S.W.2d 196 (Tex.1963); *J. C. Penney Company v. Duran,* 479 S.W.2d 374 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.). In his supporting affidavit to his motion, Whitley admitted knowing the absent witness was "old in years and physically infirm", but believed he would appear. He said that he then learned that the witness' condition "had worsened and would not be able to appear". No particulars as to what was wrong were alleged, only age and infirmities. Further, no diligence was alleged nor were any facts set forth in the affidavit showing that Whitley had used any diligence in procuring the witness' testimony. We hold that no abuse of discretion was shown and overrule appellant's third point of error.

The judgment assessed all court costs against Whitley. His fourth and fifth points of error contend that the trial court erred in assessing against him three of the items in the bill of costs. The items he complains of are: $300.00 for copies of deed records; $75.00 to the court appointed surveyor to testify; and $200.00 to Carrell Williams as an expert witness fee. Williams, a surveyor, testified for the Kings. Whitley filed a motion for hearing on court costs alleging that the original bill of costs prepared by the district clerk contained items which, as a matter of law, should not have been included. At the hearing the trial judge ruled that he would sustain the clerk's assessment of costs.

The general rule is that the prevailing party will recover from his adversary all of his costs. Rule 131 *. The rules also provide that liability costs may be shifted by the trial court for good cause shown in the record. Rule 141. These rules and the

---

* All citations to rules are to Tex.R.Civ.P.

case law interpreting them bear on the discretion of the trial court in allocating costs between the parties. Whitley contends that these are incidental expenses incurred in the preparation and prosecution of the Kings' lawsuit and not authorized court costs. We conclude that the issues raised by these points do not turn on the court's discretion, but rather whether, as a matter of law they are proper court costs. *Hammonds v. Hammonds,* 158 Tex. 516, 313 S.W.2d 603 (1958).

The record shows the judge's basis for allowing the disputed terms to be taxed as costs was that, in his opinion, circumstances of the case provided him good cause to do so under Rule 141.

■ Regardless of any good cause shown, costs of experts are "merely incidental expenses in preparation for trial and not recoverable." *City of Houston v. Biggers,* 380 S.W.2d 700, 705 (Tex.Civ.App.—Houston [1st Dist.] 1964, writ ref'd n. r. e.). Mr. Williams was *not* a court appointed surveyor in this case. He performed his duties solely on the Kings' behalf. Therefore, the court was without authority to assess his expenses as costs. *Taormina v. Culicchia,* 355 S.W.2d 569, 575 (Tex.Civ.App.—El Paso 1962, writ ref'd n. r. e.). See also *Gulf, C. & S. F. Ry. Co. v. Dooley,* 62 Tex.Civ.App. 345, 131 S.W. 831, 835 (1910, no writ). We sustain Whitley's fourth point of error as to this item of cost.

■ Whitley admitted that he was responsible under Rule 131 for the court appointed surveyor's fee. However, he objected to paying the surveyor an additional witness fee. The surveyor had been called by the Kings as an expert witness. Whitley conceded that if testifying in court, in addition to making his report, was within the scope of the surveyor's appointment, the witness fee would be a proper cost item.

The record shows that both before and during trial Whitley attacked the surveyor's report. It also shows that he did not introduce any evidence in support of his attack. At the hearing the trial judge stated that under the circumstances, there was good cause for taxing against the losing party the costs of proving the surveyor's report to be correct.

Whitley contended that, since he did not object to the report's admission into evidence, the surveyor testified as an expert witness called by his adversary and in their behalf. It is because of this Whitley challenged the fee as a proper court cost. We disagree. We hold that in this fact situation, the surveyor's trial testimony was within the scope of his appointment under Rule 796 and a part of the costs to be taxed under Rule 131. Therefore, good cause is immaterial. Further, at no time during the trial did Whitley object to the surveyor's testimony as being outside the scope of his appointment. He also failed to seek a ruling the this issue when the surveyor was called as a witness by the Kings.

■ Whitley complains that there was no evidence to support recovery for charges for the testimony. He cited *Metcalfe v. McCarty,* 301 S.W.2d 263 (Tex.Civ.App.—Austin 1957, no writ) as holding that surveyor's fees should be fixed and allowed on a reasonable basis taking into consideration the circumstances, the charges, the type of work and the evidence offered in support of and in opposition to the charges. However, we note that he did not offer any evidence on reasonableness in the trial court. As the complaining party, this was his burden. *Harris v. Shotwell,* 490 S.W.2d 860 (Tex.Civ.App.—Fort Worth 1973, no writ). Also, his objection in his motion and at the hearing was only that the disputed items, including the witness fee, should not be taxed as costs, not that the witness fee allowed was unreasonable. We conclude he has waived any right to complain of the reasonableness of the witness fee. See *Billingslea v. Greaves,* 196 S.W.2d 945, 948 (Tex.Civ.App.—Amarillo 1946, no writ). In this respect we overrule Whitley's fourth point of error.

■ The last disputed cost item is the $300.00 charged for certified copies of deeds. As with the other disputed items, the judge found good cause under Rule 141 to tax Whitley with this amount. As we have discussed above, the power to tax

costs, otherwise than by Rule 131 for good cause shown, does not include the power to tax, as costs, items which are not normally allowed. We hold there was no authority lodged in the trial court permitting the taxing of this item.

■ Defendants are entitled to put plaintiffs to their proof on plaintiffs' issues. Even if plaintiffs prevail after making such proof, they are still not entitled to be made whole for their entire loss or outlay in connection with the suit. *City of Houston v. Biggers, supra.* Cost of the deeds is not a proper item to be charged as costs. Whitley's fifth point of error is sustained.

■ By crosspoint, the Kings assert that the trial court erred in refusing to permit them to recover attorney's fees as allowed by Tex.Rev.Civ.Stat.Ann. art. 5523b. This statute allows the court, in its discretion, to award reasonable attorney's fees in an action where the prevailing party was seeking to recover possession of land from a party unlawfully in possession. The Kings have filed a bill of exceptions and stipulation of fact stating what reasonable attorney's fees in this case would be.

The effective date of the statute was August 29, 1977. This action was filed December 1, 1975. The judge, after a hearing outside the jury's presence ruled that Tex. Rev.Civ.Stat.Ann. art. 5523b (1977) was not applicable to this cause because the original petition was filed prior to its effective date. We agree. The language of the statute lends itself to this interpretation. The pertinent section reads as follows:

> "Sec. 2. (a) To recover attorney's fees as provided in Section 1 of this Act, the party seeking recovery of possession must give the party unlawfully in possession written notice and demand to vacate the premises, by registered or certified mail, at least 10 days prior to filing the claim for the recovery of possession.

> "(b) In the written notice and demand to vacate the premises, the party seeking recovery of possession shall give notice that in the event the party unlawfully in possession has not vacated the premises within 10 days and a claim is filed by the party seeking recovery of possession, judgment may be entered against the party unlawfully in possession for attorney's fees in an amount determined by the court to be reasonable, plus costs of suit."

In this case the record shows the Kings sent the required notice which was received on September 27, 1977. (Suit pended with issues joined at that time.) They filed a first amended petition December 1, 1977 in which they claimed possession of the land in question and asked for an award of attorney's fees in the event that Whitley was determined to be in unlawful possession of the land. It is our opinion that the statute requires at least 10 days notice before the claim is filed. The first claim for possession of the land involved in this case was December 1, 1975, therefore the statute does not apply. The Kings' crosspoint is overruled.

The judgment is affirmed in all things except for the items of costs for the $200.00 expert witness fee to Carrell Williams and the $300.00 for certified copies of deeds. Those items will be stricken from the bill of costs. The cause is remanded to the trial court with the instruction to retax the costs in accord with the views herein expressed. The costs on appeal are to be taxed 60% against appellant and 40% against appellees.