

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 21, 1986

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-434

Re: Whether a county clerk is entitled to receive a fee in connection with administration of trust funds under article 2558a, section 4c(a), V.T.C.S.

Dear Mr. Driscoll:

You have requested our opinion in regard to the implementation of section 4c(a) of article 2558a, V.T.C.S. Specifically you have asked:

> 1. At what point in a lawsuit would the fee be assessed and collected?
>
> 2. Does commissioners court, the county clerk or the judge in each case institute collection of the fee?
>
> 3. May the county clerk receive a reasonable fee for holding the trust funds pursuant to the decision of the Texas Supreme Court in Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972)?
>
> 4. Is the county clerk entitled to a reasonable fee for holding trust funds in probate matters?

Section 4c(a) provides:

> To offset the expense of handling District Clerk and County Clerk Trust Funds for the benefit of litigants in civil proceedings, a county may collect from the nonprevailing party in the litigation or from the party the court shall designate a fee of $50.

V.T.C.S. art. 2558a, §4c(a). The Texas Supreme Court in Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972) described article 2558a as:

> a comprehensive statute setting procedure and
> liability in the handling of trust funds in the
> possession of county and district clerks.   It
> makes the county liable if funds on deposit with
> its designated depository are lost.  The clerk is
> relieved of responsibility for the safekeeping of
> the funds so long as they are deposited in the
> legally selected depository.

483 S.W.2d at 243.

Prior to Sellers, supra, Harris County relied on section 4a to collect all interest earned on the trust fund and place this interest in the general fund of the county as an offset to the expense of handling the trust fund for the benefit of the litigants.  But, the supreme court in Sellers, supra, held that interest earned by deposit of money owned by the parties to a lawsuit is the property of the owners and not the county.  483 S.W.2d at 243.  Accordingly, we believe from the express words of section 4c(a) the legislature intended to allow the county to collect only a $50 fee to offset the expense of handling the trust fund.

You first ask, at what point in the lawsuit would the fee be assessed and collected.  The provision does not specify a particular time in which the fee may be collected.  The Supreme Court of Texas has promulgated rules related to cost in civil cases.  See Tex. R. Civ. P. at 125-49; see also Gov't. Code §22.004.  These rules are applicable to all civil cases instituted in the state courts.

Rule 129 outlines the procedure for collecting cost.  Rule 129 provides in part:

> If any party responsible for costs fails or
> refuses to pay the same within ten days after
> demand for payment, the clerk or justice of the
> peace may make certified copy of the bill of costs
> then due, and place the same in the hands of the
> sheriff or constable for collection.  All taxes
> imposed on law proceedings shall be included in
> the bill of costs.  Such certified bill of costs
> shall have the force and effect of an execution.
> The removal of a case by appeal shall not prevent
> the issuance of an execution for costs.  (Emphasis
> added).

Tex. R. Civ. P. 129.  This rule contemplates that the cost is to be collected from the responsible party when it is due.  Thus, it is reasonable to conclude that the function for which the cost is taxed has been performed.  Cf. Attorney General Opinion H-756 (1975) (clerk may not collect a fee for service of process before service is made).

Moreover, Rule 125 provides that parties responsible are only liable for costs "incurred" i.e., when the funds have been tendered to the county clerk to be held in trust.

Section 4c(a) authorizes the county to collect the $50 fee from either the nonprevailing party or from the party the court shall designate. V.T.C.S. art. 2558a, §4c(a). Accordingly, before a district or county clerk may collect the $50 fee, the expense of handling the trust fund must have been incurred. The assessment of cost will necessarily await the outcome of the litigation. Cf. Whitley v. King, 581 S.W.2d 541 (Tex. Civ. App. - Fort Worth 1979, no writ).

In regard to your second question, it is not clear under section 4c(a) who is required to institute collection of the fee. Section 4c(a) only provides that "a county" may collect the fee. V.T.C.S. art. 2558a, §4c(a). Although counties normally act through the commissioners court, article 2558a contemplates that the county and district clerks shall render the service of handling the trust fund. See generally Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972). Thus, we believe that the county clerk is required to institute the collection of the $50 fee under article 3930(10), V.T.C.S. Article 3930 provides in part:

> County clerks . . . are hereby authorized and required to collect the following fees for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives:
>
> . . . .
>
> (10) For such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set by this Act, reasonable fees shall be charged. (Emphasis added).

V.T.C.S. art. 3930(10). Accordingly, we conclude that the county clerk is responsible in each case for instituting the collection of the fixed fee of $50 authorized by section 4c(a). Moreover, Rule 129 of the Texas Rules of Civil Procedure, as quoted above, also implies that county or district clerks institute the collection of costs due. Cf. Tex. R. Civ. P. 129.

You next ask whether the county clerk may receive a reasonable fee pursuant to Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972), for holding the trust fund. We think not. Sellers, supra, held that the county may charge a fee which is reasonably related to the value of the county's services. Id. at 244. However, section 4c(a) specifies that the fee for handling the trust funds is to be $50.

Thus, the legislature has determined that this fee is reasonably related to the value of the services; and, therefore, no additional fee may be assessed.

Finally, you ask whether a county clerk is entitled to collect a reasonable fee for holding trust funds in probate matters. Section 12(a) of the Probate Code provides:

> The provisions of law regulating cost in ordinary civil cases shall apply to all matters in probate when not expressly provided for in this Code. (Emphasis added).

Section 4c(a) of article 2558a, V.T.C.S., applies to all "civil proceedings," and we are unaware of any express provision in the Probate Code relating to the expense of handling district clerk and county clerk trust funds for the benefit of the litigants. Therefore, section 4c(a) is applicable to probate proceedings. For the reasons specified above, the county or district clerk is entitled only to a fixed fee of $50 for handling the trust fund in probate matters.

## S U M M A R Y

Before a district or county clerk may collect a $50 fee pursuant to section 4c(a) of article 2558a, V.T.C.S., the expense of the district or county clerk for handling the trust fund must have been incurred, and there must have been a designation of a responsible party by the court. Article 3930(10), V.T.C.S., requires the county clerk to institute this collection of the fixed fee of $50 authorized by section 4c(a). Section 4c(a) of article 2558a, V.T.C.S., requires that the county receive a reasonable fee of $50. No other fee is contemplated by the provision. Finally section 4c(a) is read together with section 12(a) of the Probate Code, the county clerk may collect the $50 fee in probate proceedings.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General