

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 8, 1989

Honorable Billy Ray Stubblefield
Williamson County Attorney
P. O. Box 1078
Georgetown, Texas   78627

Opinion No.   JM-1026

Re:   Whether Williamson County may use the interest earned from investment of bond proceeds for the construction of its courthouse/jail complex to fund additional construction on the project (RQ-1510)

Dear Mr. Stubblefield:

You inform us that Williamson County has issued and sold $16.5 million in bonds to build a new county courthouse and jail complex. The proceeds from the sale of the bonds were invested and have earned a sizable amount of interest. Some of the interest has been transferred to the interest and sinking fund, and some remains in the principal construction account.

The bids for construction of the project received by the Williamson County Commissioners Court were all higher than expected. The commissioners court would like to transfer the interest on the bond proceeds to the principal amount so that they can afford the kind of courthouse/jail complex that they had envisioned. You ask the following question:

> May the interest earned from the investment of Courthouse/Jail complex construction bonds proceeds be added to the principal amount, in order to provide additional construction funds for completion of the project?

You have not submitted additional facts nor have you provided us copies of the bond covenants or other documents relevant to the bond issuance. Our opinion will answer your narrow legal question in the context of the information

before us and will not speculate at length about all other circumstances which might suggest a different result.

The commissioners court of a county has statutory authority to issue county bonds to build a county courthouse and jail. V.T.C.S. arts. 718; 2370b, § 3. See also Tex. Const. art. XI, § 2 (construction of jails, court-houses, bridges, and certain other improvements shall be provided for by general law); Mitchell County v. City Nat'l Bank of Paducah, Ky., 43 S.W. 880 (Tex. 1898) (legislature has authority to grant county power to issue bonds for the construction of bridges and a courthouse and jail). The statutes do not address the question you ask. You however raise the possibility that Attorney General Opinion JM-545 (1986) prohibits you from adding the interest earned from investment of bond proceeds to the principal amount. See also Attorney General Opinion JM-530 (1986).

Attorney General Opinion JM-545 (1986) concerned the disposition of interest earned on the invested proceeds of road bonds issued by Austin County under article 6702-1, V.T.C.S., the County Road and Bridge Act. Section 4.411(b) of that act provides that road bonds issued thereunder "shall be issued . . . as contemplated and authorized by Article III, Section 52, of the Texas Constitution." Article III, section 52, of the constitution authorizes the legislature to empower counties to issue bonds for specified purposes, including the construction, operation, and maintenance of roads. Attorney General Opinion JM-545 stated that the "use of public debt in the form of bonds to create a fund for investment as an independent or exclusive undertaking is not a purpose sanctioned by article III, section 52, of the Texas Constitution." Attorney General Opinion JM-545 at 5 (emphasis in original). Austin County authorized the sale of three million dollars worth of road bonds but had spent less than one million dollars for road purposes. Id. at 4. In the meantime, the costs of some county road improvements were paid from the regular county budget, instead of being charged against the bond proceeds. Id. The holding of Attorney General Opinion JM-545 was based upon a specific and narrow set of facts, which indicated that bond proceeds were used for investment as "an independent or exclusive undertaking."

The holding of Attorney General Opinion JM-545 thus does not prohibit Williamson County from adding interest earned from the investment of courthouse/jail bond proceeds to the principal amount, to provide additional construction funds. The common law rule is that interest, as an

accretion to the principal fund earning it, becomes part of the principal unless lawfully separated from it. Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972); Lawson v. Baker, 220 S.W. 260, 272 (Tex. Civ. App. - Austin 1920, writ ref'd). See also Attorney General Opinion H-1167 (1978) (interest on constitutional fund for state college and university construction is first applied to retire bonds and then to finance additional permanent improvements); Annot. 143 ALR 1341 (1943) (disposition of interest earned on special funds of municipalities).

As already stated, we find no statute that separates the interest from the principal fund. You have not submitted the bond covenants to us; therefore, we do not consider whether any provision of the bond covenants would separate the interest on the bond proceeds from the proceeds and place it in the sinking fund, limit expenditures for building the courthouse/jail complex to an amount that would be exceeded by adding interest to principal, or for any other reason require a departure from the common law rule. In the absence of a statute, bond covenant, or other provision or instrument that otherwise allocates the interest earned on bond proceeds, the common law rule applies to the interest, and the interest may be added to the principal amount to finance the project for which the bonds were issued.

Attorney General Opinion JM-545 disapproved two earlier opinions of this office, stating as follows:

> Attorney General Opinion C-537 (1965) held that a school board might deposit interest earned by excess school bond proceeds in the sinking fund created to retire the indebtedness. To the extent the opinion suggests the board possessed discretion to do otherwise, it is disapproved. A similar question was presented in Attorney General Opinion H-1174 (1978), which construed section . . . [20.42] of the Education Code to permit the use of such interest for other purposes. To that extent, it is disapproved, also.

Attorney General Opinion JM-545 at 7.

Attorney General Opinions C-537 and H-1174 dealt with school district bonds, not county bonds issued under article III, section 52, of the Texas Constitution. Thus, the constitutional basis of the holding in Attorney General

Opinion JM-545 was not relevant to the two prior opinions, and they should have been distinguished, rather than disapproved. Their disapproval by Attorney General Opinion JM-545 should accordingly be disregarded.

### S U M M A R Y

According to the common law rule, interest, as an accretion to the principal fund earning it, becomes part of the principal unless lawfully separated from it. This rule applies to interest earned on the investment of the proceeds of bonds issued by Williamson County to build a courthouse/jail complex, and the interest may be added to the principal amount and used to finance the project for which the bonds were issued unless a statute, bond covenant, or other provision or instrument prevents this allocation.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General